(March 13, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EBAN WOULLARD, Appellant. [981 NYS2d 850]—

Stein, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 20, 2011, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

When he was 16 years old, defendant twice shot the victim while attempting to steal marihuana from him. Defendant was thereafter charged in a 13-count superseding indictment with various crimes in connection therewith. Defendant subsequently pleaded guilty to one count of robbery in the first degree in full satisfaction of the indictment and was sentenced, in accord with the negotiated plea agreement, to 10 years in prison to be followed by five years of postrelease supervision. Defendant now appeals, arguing that his plea must be vacated because County Court failed to consider affording him youthful offender status.

We affirm. Defendant's argument—made in reliance on the recent decision in *People v Rudolph* (21 NY3d 497 [2013])—that County Court was required to make a youthful offender determination despite his plea and the fact that he did not seek youthful offender status is unavailing. In *Rudolph*, the Court of Appeals held that a sentencing court must make "a youthful offender determination in every case *where the defendant is eligible,* even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*id.* at 501 [emphasis added]; *see* CPL 720.20 [1]; *see also People v Pacheco*, 110 AD3d 927, 927 [2013]). We are of the view that *Rudolph* does not apply here because defendant was not eligible for youthful offender status.[1]

As relevant here, "[u]nder CPL 720.10 (1) and (2), a defendant is 'eligible' for youthful offender status if he or she was younger than 19 at the time of the crime, *unless the crime is one of several serious felonies excluded by the statute*" (*People v Rudolph*, 21 NY3d at 500 [emphasis added]; *see* CPL 1.20 [41]; Penal Law § 70.02). Here, although defendant was less than 19 at the time the crime was committed (*see* CPL 720.10 [1]), he was convicted of an armed felony (*see* CPL 1.20 [41]; Penal Law §§ 70.02, 160.15 [2]) and was, therefore, not eligible for youthful offender status (*see* CPL 720.10 [1], [2] [a] [ii]; *People v Rudolph*, 21 NY3d at 500; *People v Brodhead*, 106 AD3d 1337, 1337 [2013], *lv denied* 22 NY3d 1087 [2014]).[2] Accordingly, we conclude that County Court was not required to make a deter-

---

**1.** We reach this conclusion notwithstanding the People's concession that defendant was so eligible.

**2.** We recognize that an age-eligible defendant who has been convicted of an excluded felony may seek youthful offender treatment by demonstrating "mitigating circumstances that bear directly upon the manner in which the

mination as to whether defendant should have been treated as such. To rule otherwise would result in a defendant being deemed eligible for youthful offender status solely on the basis of meeting the statutory age requirement, without regard to the nature of the crime of which he or she was convicted. In our view, such an interpretation would be contrary both to the definition of an "eligible youth" as set forth in CPL 720.10 (2) and to the plain language of *Rudolph*. Moreover, considering defendant's concession that the record does not support an argument that his plea was not knowingly, voluntarily and intelligently made, we reject his remaining claim that his plea should nonetheless be vacated (*see People v Rudolph*, 21 NY3d at 502).

Peters, P.J., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

crime was committed" (CPL 720.10 [3] [i]; *see People v Brodhead*, 106 AD3d at 1337). However, where, as here, no such showing was made, the defendant is not an eligible youth (*see People v Brodhead*, 106 AD3d at 1337; *People v Stokes*, 28 AD3d 592, 592 [2006]; *People v Hudson*, 2 AD3d 230, 230 [2003]).