Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J., at plea; Ronald A. Zweibel, J., at sentencing), rendered August 9, 2012, convicting defendant of attempted assault in the first degree, and sentencing him to a term of nine years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing.
The Court of Appeals has determined that CPL 720.20 (1) requires “that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain” (People v Rudolph, 21 NY3d 497, 501 [2013]). Although defendant was convicted of an armed felony, he still could have *645 received a youthful offender adjudication if the court had made the applicable findings under CPL 720.10 (3). As the Court noted in Rudolph, there may be “cases in which the interests of the community demand that youthful offender treatment be denied, and that the young offender be sentenced like any other criminal; . . . but the court must make the decision in every case” (21 NY3d at 501). Thus, because defendant was eligible for youthful offender consideration, if any of the factors in CPL 720.10 (3) were found to exist, the court had to make a determination even though defendant did not request it. In reaching this decision, we respectfully disagree with the opinion of the Third Department in People v Woullard (115 AD3d 1053 [3d Dept 2014]), which reached the opposite conclusion.
Although it may be, as the People argue, that the facts of the case do not warrant youthful offender treatment, that is for the trial court to determine. Since we are ordering a new sentencing proceeding, we find it unnecessary to address defendant’s other arguments. Concur — Friedman, J.P, Renwick, Moskowitz, Richter and Feinman, JJ.