■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE BORIA, Appellant. [1 NYS3d 82]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered October 2, 2012, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in

the second degree, and sentencing him to a term of one year, unanimously modified, on the law, to the extent of vacating the sentence, and remanding for resentencing, and otherwise affirmed.

The record establishes that the court did not consider youthful offender (YO) treatment in connection with defendant's conviction for attempted criminal possession of a weapon in the second degree, which does not qualify as an armed felony because it is capable of being committed without the actual possession of a deadly weapon (*see* CPL 1.20 [41]). Accordingly, defendant was eligible for YO treatment without any finding of mitigation (*see* CPL 720.10 [2]), and the subsequent determination by the Court of Appeals in *People v Rudolph* (21 NY3d 497, 501 [2013]) requires a YO determination. In any event, regardless of whether defendant was convicted of an armed felony, he was potentially eligible for YO treatment under the mitigation provisions of CPL 720.20 (3), and was therefore entitled to a determination (*see People v Flores*, 116 AD3d 644 [1st Dept 2014]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.