This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 88
The People &c.,
            Respondent,
         v.
William Middlebrooks,
            Appellant.

-----------------------
No. 89
The People &c.,
            Respondent,
         v.
Fabrice Lowe,
            Appellant.


Case No. 88:
        Barbara J. Davies, for appellant.
        David A. Heraty, for respondent.


Case No. 89:
        Philip Rothschild, for appellant.
        James P. Maxwell, for respondent.


FAHEY, J.:

        The Legislature has recognized that the determination as to punishment for a youth who has committed a crime is fundamentally different from the same determination for an adult. On these appeals, we are asked to decide whether, when a defendant who would otherwise be an eligible youth has been

- 1 -

convicted of an armed felony, the court is required to make a determination on the record as to whether one or more of the CPL 720.10 (3) factors exists and the defendant is therefore an eligible youth.  Based on a plain reading of the statute and this Court's decision in People v Rudolph (21 NY3d 497 [2013]), we hold that the court is required to make a determination on the record, even if the defendant does not request it or has agreed to forgo youthful offender treatment as part of a plea bargain.

CPL 720.10 provides that a person charged with a crime alleged to have been committed when the individual was at least 16 and less than 19 years old is a "youth" (CPL 720.10 [1]).  The statute further provides that all "youth[s]" are eligible to be granted youthful offender status, with certain exceptions (see CPL 720.10 [2]).  One such exception is provided for youths who have been convicted of an armed felony (see CPL 720.10 [2] [a] [ii]).  CPL 720.10 (3) expressly provides, however, that a youth convicted of an armed felony is eligible to be granted youthful offender status if the court determines that there are mitigating circumstances bearing directly upon the manner in which the crime was committed, or, if the defendant was not the sole participant in the crime, that the defendant's participation was relatively minor.  It is the court's responsibility to determine the presence or absence of these CPL 720.10 (3) factors, and thus to determine the defendant's eligibility for youthful offender treatment, that concerns us on this appeal.

I.

People v Middlebrooks

Defendant Middlebrooks was charged with four counts of robbery for crimes he committed with one or more accomplices in 2010 when he was 18 years old. Middlebrooks pleaded guilty to all four counts in the indictment in exchange for a sentence of four maximum determinate terms of 15 years' imprisonment, to be followed by five years' postrelease supervision, with all terms to be served concurrently. At sentencing, although Middlebrooks brought to the court's attention the fact that he was 18 years old when he committed the crimes, neither Middlebrooks, his counsel, nor the court mentioned youthful offender treatment. The court sentenced Middlebrooks in accordance with the plea agreement.

On appeal, the Appellate Division rejected Middlebrooks's assertion that, pursuant to this Court's decision in Rudolph, the sentencing court was required to make a youthful offender determination on the record. The Court reasoned that Middlebrooks was "eligible to be adjudicated a youthful offender *only if* the court determined that there were mitigating circumstances that bear directly upon the manner in which the crimes were committed; or . . . , inasmuch as [Middlebrooks] was not the sole participant in the crimes, that [his] participation was relatively minor" (117 AD3d 1445, 1446 [4th Dept 2014] [internal brackets and quotation marks omitted]). The Appellate

Division held that because Middlebrooks "offered no evidence of mitigating circumstances relating to the manner in which the robberies were committed, nor did he specify any facts indicating that his participation in those crimes was 'relatively minor,' " he was not eligible for youthful offender treatment, and therefore "the [sentencing] court did not err in failing to make a youthful offender determination" (id. at 1446-1447). A Judge of this Court granted Middlebrooks leave to appeal (23 NY3d 1022 [2014]).

### People v Lowe

Defendant Lowe was a passenger in a vehicle that was stopped by police after the driver turned without using a signal. Officers observed what they believed to be heroin on the lap of Shaquail Harris, one of the passengers in the vehicle. After ordering the four occupants out of the vehicle, police found a loaded gun underneath the driver's seat. Lowe had been sitting behind the driver. Lowe was also 18 years old at the time.

Lowe was charged with criminal possession of a weapon in the second degree. At trial, both the driver and the fourth occupant of the vehicle testified that they had arranged to purchase heroin from Harris that night, as they had done in the past. Although the passenger "had seen [Lowe] around" before that evening, he had never seen Lowe with a gun. The driver had not met Lowe before that night. Lowe testified that the gun was not his and that he had not seen it in the car. No fingerprints

were recovered from the gun.  The jury found Lowe guilty as charged.

The presentence report prepared by the Probation Department stated that Lowe was eligible to be adjudicated a youthful offender and recommended that he be granted that adjudication.  At sentencing, defense counsel stated that she had requested an adjournment to allow her time to obtain her own presentence report, but she had been informed that the sentencing date had been moved up by two weeks, thus preventing her from obtaining a presentence report in time for sentencing.  Defense counsel requested that Lowe be granted youthful offender treatment or, in the alternative, the minimum adult sentence. Without expressly ruling on defense counsel's request for a youthful offender adjudication,[1] the court sentenced Lowe to 10 years' imprisonment and five years' postrelease supervision.

On appeal, the Appellate Division found Lowe's sentence to be unduly harsh and severe and modified the judgment by reducing his sentence to a determinate term of five years' imprisonment, to be followed by five years' postrelease supervision, and otherwise affirmed (113 AD3d 1133, 1134 [4th

---

[1]     To the extent Lowe contends that the court "implicitly" found him to be an eligible youth and then denied his request for youthful offender status, the record belies his contention. There is no basis in the record to conclude that the court considered the eligibility issue and found him to be an eligible youth.

Dept 2014]).[2]  The Court rejected Lowe's contention, however,

"that the court abused its discretion in refusing to grant him

youthful offender status" (id. at 1134).  A Judge of this Court

granted Lowe leave to appeal (23 NY3d 1064 [2014]).

It is undisputed that both Middlebrooks and Lowe were

"youths" within the meaning of CPL 720.10 (1) and had never

before been convicted of a crime.  It is further undisputed that

both Middlebrooks and Lowe would be "eligible youth[s]" -- that

is, eligible to be granted youthful offender status -- but for

the fact that their convictions to be replaced by youthful

offender adjudications were armed felonies (see CPL 720.10 [2]

[a] [ii]; CPL 1.20 [41]).  The sole issue with respect to each

defendant's youthful offender status is whether the court was

required to determine on the record if he was an eligible youth

due to the existence of one or more of the factors set forth in

CPL 720.10 (3).

---

[2]     To the extent the People assert that Lowe's contention
with respect to his youthful offender status is moot in light of
the Appellate Division's reduction of Lowe's sentence, we reject
that assertion.  If the court had found Lowe to be an eligible
youth and then further determined that he should be granted
youthful offender treatment, the harshest sentence the court
could have imposed was an indeterminate term of imprisonment of
1⅓ to 4 years, a lesser sentence than the five-year determinate
term imposed by the Appellate Division (see Penal Law §§ 60.02
[2]; 70.00 [2] [e]).  Furthermore, a youthful offender
adjudication has additional benefits beyond the reduced sentence
that may be imposed (see CPL 720.35; Rudolph, 21 NY3d at 500-
501).

II.

Both defendants rely on our decision in Rudolph to support their contention that the court is required to make such a determination on the record.  In Rudolph, the defendant had been convicted of felony drug possession and did not ask the court to adjudicate him a youthful offender.  This Court noted that CPL 720.20 (1) provides that " '[u]pon conviction of an eligible youth, . . . the court *must* determine whether or not the eligible youth is a youthful offender' " (21 NY3d at 501, quoting CPL 720.20 [1]).  We held that "the legislature's use of the word 'must' in this context . . . reflect[ed] a policy choice that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (id.).  In so holding, we overruled People v McGowen (42 NY2d 905 [1977]).

Since Rudolph was decided, a split has developed within the Appellate Division regarding whether, when a defendant who would otherwise be an eligible youth is convicted of an armed felony, the court is required to determine on the record whether the factors set forth by CPL 720.10 (3) are present and the defendant is therefore an eligible youth.  The Third Department has held that where the defendant presents no evidence of his or her relatively minor participation or of mitigating circumstances bearing directly on the manner in which the crime was committed,

the court has no obligation to determine on the record whether the defendant is an eligible youth (People v Woullard, 115 AD3d 1053, 1054-1055 [3d Dept 2014], lv denied 23 NY3d 1026 [2014]). As embodied by its decision in Middlebrooks, the Fourth Department agrees (see 117 AD3d at 1446-1447).

The First Department, however, disagrees with the post-Rudolph approach taken by the Third and Fourth Departments. In People v Flores (116 AD3d 644 [1st Dept 2014]), the Court wrote:

> "Although defendant was convicted of an armed felony, he still could have received a youthful offender adjudication if the court had made the applicable findings under CPL 720.10 (3). As the Court noted in Rudolph, there may be 'cases in which the interests of the community demand that youthful offender treatment be denied, and that the young offender be sentenced like any other criminal; . . . but the court must make the decision in every case' (21 NY3d at 501). Thus, because defendant was eligible for youthful offender consideration, if any of the factors in CPL 720.10 (3) were found to exist, the court had to make a determination even though defendant did not request it. In reaching this decision, we respectfully disagree with the opinion of the Third Department in People v Woullard (115 AD3d 1053 [3d Dept 2014]), which reached the opposite conclusion" (Flores, 116 AD3d at 644-645; see People v Malcolm, 118 AD3d 447, 447 [1st Dept 2014]).

"[T]he governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of the words used" (People v

Williams, 19 NY3d 100, 103 [2012] [internal quotation marks omitted]).

III.

CPL 720.10 contains the parameters set by the Legislature for youthful offender eligibility. A "youth" is defined as "a person charged with a crime alleged to have been committed when he was at least [16] years old and less than [19] years old or a person charged with being a juvenile offender as defined in [CPL 1.20 (42)]" (CPL 720.10 [1]). An "eligible youth" is "a youth who is eligible to be found a youthful offender" (CPL 720.10 [2]). "Every youth is so eligible," with certain exceptions set forth in CPL 720.10 (2).

That subdivision provides that those youths who have been convicted of a class A-I or A-II felony, who have "previously been convicted and sentenced for a felony," or who have "previously been adjudicated a youthful offender following conviction of a felony or [have] been adjudicated on or after [September 1, 1978] a juvenile delinquent who committed a designated felony act as defined in the family court act" are ineligible for youthful offender treatment (see id.). The Legislature provided no exceptions to ineligibility for those categories of offenders. In other words, a defendant who commits a class A-I or A-II felony, who has previously been convicted of a felony, or who has been given youthful offender treatment after a felony conviction is simply ineligible for youthful offender

treatment.  The court has no discretion in the matter.

CPL 720.10 (2) also includes those convicted of armed felonies or certain sex offenses in the general class of ineligible defendants.  In contrast to the other categories of offenders discussed above, however, the Legislature has provided that those defendants convicted of an armed felony or an enumerated sex offense are eligible youths under certain circumstances.  Subdivision (2) of CPL 720.10 provides that youths convicted of an armed felony or an enumerated sex offense are not eligible youths "except as provided in subdivision three" (CPL 720.10 [2] [a] [ii], [iii] [emphasis added]).  In turn, subdivision (3) provides that

> "[n]otwithstanding the provisions of subdivision two, a youth who has been convicted of an armed felony offense or of rape in the first degree, criminal sexual act in the first degree, or aggravated sexual abuse is an eligible youth if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10 [3] [emphasis added]).

In other words, if the court determines that one or more of the factors provided by CPL 720.10 (3) are present, a defendant who has been convicted of an armed felony is an eligible youth, "[n]otwithstanding the provisions of subdivision two."  For every eligible youth that comes before it, the

sentencing court "must" determine whether the eligible youth is a youthful offender (CPL 720.20 [1]; Rudolph, 21 NY3d at 501). The court cannot comply with the mandate of CPL 720.20 (1), which requires the court to determine the youthful offender status of every eligible youth, unless the court first makes the threshold determination as to whether the defendant is, in fact, an eligible youth.

In most instances, the court has no discretion in determining the defendant's eligibility, and therefore, in those instances, no determination on the record as to eligibility is necessary. If the defendant committed the crime when he or she was of an eligible age and none of the exceptions in CPL 720.10 (2) applies, the defendant is an eligible youth, and the court is then required by CPL 720.20 (1) to determine whether the defendant should be adjudicated a youthful offender. If the defendant was not of eligible age, or was of eligible age but was convicted of a class A-I or A-II felony, has previously been convicted and sentenced for a felony, or has previously been adjudicated a youthful offender following a felony conviction, the defendant is not an eligible youth, and the court has no discretion to determine otherwise. Where, however, the defendant has been convicted of an armed felony or an enumerated sex offense pursuant to CPL 720.10 (2) (a) (ii) or (iii), in order to fulfill its responsibility under CPL 720.20 (1) to make a youthful offender determination for every eligible youth, the

court must make the threshold determination as to whether the defendant is an eligible youth by considering the factors set forth in CPL 720.10 (3).

On both appeals, the People contend that the Legislature's intent in CPL 720.10 was to make those defendants convicted of armed felonies presumptively ineligible for youthful offender treatment, and the court therefore is not required to make any determination with respect to eligibility unless the defendant affirmatively presents the court with evidence of mitigating circumstances or minor participation.  We disagree. That interpretation of the statute fails to acknowledge the significance of the language in CPL 720.10 (2) that those defendants convicted of an armed felony or an enumerated sex offense are not eligible youths "except as provided in subdivision three" (CPL 720.10 [2] [a] [ii], [iii] [emphasis added]).

The People's interpretation also fails to acknowledge the Legislature's statement in subdivision three that a defendant convicted of an armed felony "is an eligible youth," "[n]otwithstanding the provisions of subdivision two" if either mitigating circumstances bearing directly upon the manner in which the crime was committed are present or the defendant's participation in the crime was relatively minor (CPL 720.10 [3] [emphasis added]).  In other words, where either or both of the criteria provided in CPL 720.10 (3) are present, the defendant is

an eligible youth, notwithstanding the fact that he or she was convicted of an armed felony.  As an eligible youth, such a defendant is then entitled to a youthful offender determination on the record pursuant to CPL 720.20 (1).

Furthermore, the People's interpretation of the statute gives little consideration to the broader legislative purpose behind CPL article 720.  As we recognized in Rudolph,

> "this right -- not a right to receive youthful offender treatment, but to have a court decide whether such treatment is justified -- is different. To disable a court from making that decision is effectively to hold that the defendant may not have the opportunity for a fresh start, without a criminal record, even if the judge would conclude that that opportunity is likely to turn the young offender into a law-abiding, productive member of society.
>
> The judgment of a court as to which young people have a real likelihood of turning their lives around is just too valuable, both to the offender and to the community, to be sacrificed in plea bargaining" (21 NY3d at 501).

If the Legislature thought that those young offenders convicted of armed felonies were not deserving under any circumstances of the court's consideration of whether they, too, should be granted the opportunity for a fresh start, the Legislature would not have provided that such defendants are eligible youths if one or more of the factors provided by CPL 720.10 (3) are present.  Rather, the Legislature would have provided that those youths convicted of armed felonies are simply ineligible to be adjudicated youthful offenders, as the

Legislature did for those convicted of class A-I or A-II felonies (see CPL 720.10 [2] [a] [i]).

Of course, as with the determination regarding the youthful offender adjudication, there will be many cases in which the factors set forth in CPL 720.10 (3) are clearly absent, and, in such cases, the court's determination that the defendant is not an eligible youth will be a proper exercise of its discretion (see Rudolph, 21 NY3d at 501). In those cases, after the court determines on the record that the CPL 720.10 (3) factors do not exist and that the defendant therefore is not an eligible youth, no further determination is required. Nonetheless, to fulfill its obligation to make a youthful offender determination on the record for every eligible youth, the court must necessarily engage in the threshold exercise of its discretion to determine whether the defendant convicted of an armed felony or an enumerated sex offense is an eligible youth due to the presence of the CPL 720.10 (3) factors. In simpler terms, "the court must make the decision in every case" (Rudolph, 21 NY3d at 501).

It must be emphasized that if the court determines that the defendant is an eligible youth based on the presence of one or more of the CPL 720.10 (3) factors, the court is under no obligation to then grant the defendant a youthful offender adjudication. The court simply must exercise its discretion a second time to determine whether the eligible youth should be granted youthful offender treatment pursuant to CPL 720.20 (1).

On that determination, the court is not limited to the two factors set forth in CPL 720.10 (3), which are the only factors the court may consider when determining whether a defendant convicted of an armed felony is an eligible youth.  Rather, in making the ultimate determination as to the youthful offender adjudication, the court may consider the broad range of factors pertinent to any youthful offender determination (see People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]).

Therefore, based on a plain reading of CPL 720.10 and this Court's decision in Rudolph, we hold that when a defendant has been convicted of an armed felony or an enumerated sex offense pursuant to CPL 720.10 (2) (a) (ii) or (iii), and the only barrier to his or her youthful offender eligibility is that conviction, the court is required to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3). The court must make such a determination on the record "even where [the] defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request" pursuant to a plea bargain (Rudolph, 21 NY3d at 499).  If the court determines, in its discretion, that neither of the CPL 720.10 (3) factors exist and states the reasons for that determination on the record, no further determination by the court is required.  If, however, the court

determines that one or more of the CPL 720.10 (3) factors are present, and the defendant is therefore an eligible youth, the court then "must determine whether or not the eligible youth is a youthful offender" (CPL 720.20 [1]).

As we noted in Rudolph, our decision here "should not allow any defendants who have pleaded guilty to withdraw their pleas," inasmuch as those defendants "pleaded guilty under the impression that the law was less favorable to [them] than we have held that it is" (21 NY3d at 502).

Lowe's argument that his trial counsel was ineffective is without merit, and, in light of our determination, we need not address his remaining contention that the court abused its discretion in denying his request for an adjournment of sentencing.

Accordingly, in each case, the order of the Appellate Division should be reversed, and the case remitted to County Court for further proceedings in accordance with this opinion.

People v William Middlebrooks/People v Fabrice Lowe

Nos. 88 & 89

STEIN, J. (dissenting in People v Middlebrooks, concurring in People v Lowe):

The majority holds that a sentencing court must always determine whether a defendant who has any possibility of establishing eligibility for youthful offender status is, in fact, so eligible. In my view, that holding represents an unwarranted extension of our decision in People v Rudolph (21 NY3d 497 [2013]) and a strained reading of the relevant statutory language. I would hold that a defendant who is presumptively ineligible for youthful offender treatment must request, and the burden rests on such defendant to establish, that he or she is an eligible youth, rather than obligating the courts to initiate an inquiry into the defendant's potential eligibility.

I.

Resolution of this issue depends on the text of the relevant statutes and on our decision in Rudolph. CPL 720.20 (1) provides that, "[u]pon conviction of an eligible youth, . . . the court must determine whether or not the eligible youth is a youthful offender," by considering certain enumerated criteria. In Rudolph, we held that the legislature's use of the word "must" in CPL 720.20 (1) meant that a sentencing court was required to determine whether a defendant who is eligible for youthful

- 1 -

offender treatment should be so treated, regardless of whether the defendant requested such treatment or even waived the right to it (see 21 NY3d at 499, 501).  The majority now takes the legislature's use of the word "must" in CPL 720.20 (1) and inserts it into CPL 720.10 -- a purely definitional provision -- to require courts to determine whether a defendant is an "eligible youth," even when the defendant is specifically excluded from that term (in the absence of proof of enumerated circumstances).  The majority does so despite the absence of the word "must" in CPL 720.10.

It is undisputed that defendants William Middlebrooks and Fabrice Lowe fit within the definition of "[y]outh" because they were each 18 years old when they committed the crimes at issue here (CPL 720.10 [1]).  The statute defines the term "[e]ligible youth" as "a youth who is eligible to be found a youthful offender," and states that "[e]very youth is so eligible unless" he or she falls within certain exceptions; one such exception is where, as here, the current crime is an armed felony, "except as provided in subdivision three" (CPL 720.10 [2] [emphasis added]).[1]  Subdivision three provides that,

"[n]otwithstanding the provisions of

---

[1]  A similar exception exists where the current crime is an enumerated sex offense (see CPL 720.10 [2] [a] [iii]).  While this decision discusses the armed felony exception -- because it directly applies to the defendants in these cases -- the same analysis under the statutes is applicable to a defendant convicted of an enumerated sex offense.

subdivision two, a youth who has been
convicted of an armed felony offense . . . is
an eligible youth <u>if</u> the court determines
that one or more of the following factors
exist: (i) mitigating circumstances that bear
directly upon the manner in which the crime
was committed; or (ii) where the defendant
was not the sole participant in the crime,
the defendant's participation was relatively
minor although not so minor as to constitute
a defense to the prosecution" (CPL 720.10 [3]
[emphasis added]).

The majority repeatedly emphasizes the language in
subdivision three that a youth convicted of an armed felony "<u>is
an eligible youth</u>," but ignores the import of the next word in
the statute -- "<u>if</u>" -- and the qualifying language that follows
(CPL 720.10 [3] [emphasis added]).  "[I]f" is a qualifying word,
indicating that the defendant "is an eligible youth" only in the
event that the enumerated conditions are proven.  That is,
although the statute begins with the broad premise that every
youth is eligible for youthful offender status, that premise is
clearly qualified by the words "unless," "except," and "if" (CPL
720.10 [2], [3]).  Each of those qualifiers represents a step
that must be taken in the analysis before finding a youth to be
an "eligible youth."  Relying on the fact that a youth may be
considered an eligible youth if the court determines that one or
more of the statutory factors exist (see CPL 720.10 [3]), the
majority incorrectly concludes that every sentencing court is
obligated to initiate an inquiry and make a determination as to
whether the defendant is an eligible youth, even where the

statute presumes that he or she is not.

In Rudolph, we held that courts have an independent duty to determine whether to bestow youthful offender status on any defendant who is an eligible youth (see 21 NY3d at 501). In that case, the defendant fit the definition of a presumptively eligible youth because he did not fall within any of the statutory exceptions. Now, however, the majority extends Rudolph to require courts to make the more complex, threshold determination as to whether a presumptively ineligible young defendant could possibly qualify as an eligible youth -- regardless of whether the defendant requests youthful offender treatment or even specifically waives it -- before proceeding with the statutorily mandated determination of whether to grant youthful offender status if a finding of eligibility is made. In my view, this goes too far. While I, like the majority here and in Rudolph, recognize the laudatory policy considerations behind the youthful offender statute, such considerations simply cannot justify the majority's holding here, which is based upon an erroneous grafting of the language of CPL 720.20 (1) into the language of CPL 720.10.[2]

As the majority notes, following Rudolph, the Appellate Division Departments split on the issue currently before us. The Third Department first addressed the issue, concluding that

---

[2] To the contrary, the holding in Rudolph was properly based on the language of CPL 720.20 (1).

Rudolph did not apply to a defendant who "was convicted of an armed felony and was, therefore, not eligible for youthful offender status" (People v Woullard, 115 AD3d 1053, 1054 [3d Dept 2014], lv denied 23 NY3d 1026 [2014] [internal citations omitted]). In a footnote, the Court "recognize[d] that an age-eligible defendant who has been convicted of an excluded felony may seek youthful offender treatment by demonstrating mitigating circumstances that bear directly upon the manner in which the crime was committed. However, where, as here, no such showing was made, the defendant is not an eligible youth" (id. at 1054 n 2 [internal quotation marks and citations omitted]). The First Department has disagreed with that holding, concluding that, "regardless of whether [a] defendant was convicted of an armed felony, he [or she] was potentially eligible for [youthful offender] treatment under the mitigation provisions of CPL 720.20 (3), and was therefore entitled to a determination" (People v Boria, 124 AD3d 467, 468 [1st Dept 2015] [emphasis added]; see People v Malcolm, 118 AD3d 447, 447 [1st Dept 2014] [also stating that the defendant was "potentially eligible"]; People v Flores, 116 AD3d 644, 644-645 [1st Dept 2014]).

However, CPL 720.20 (1) says only that the court "must" determine whether an "eligible youth is a youthful offender." In my view, the First Department and the majority here have erred because a plain reading of that statute does not impose any requirement on the court if a person is only "potentially" an

eligible youth.  Indeed, young defendants who fall under CPL 720.10 (2) (a) are presumptively ineligible for youthful offender status, with only an opportunity to attempt to establish their eligibility pursuant to CPL 720.10 (3).  It is entirely consistent with the statutory scheme to require defendants to bear the burden of establishing that eligibility by demonstrating the exception's statutory factors of mitigating circumstances or minimal role in the crime (see People v Brodhead, 106 AD3d 1337, 1337 [3rd Dept 2013], lv denied 22 NY3d 1087 [2014]; see also People v Victor J., 283 AD2d 205, 206 [1st Dept 2001], lv denied 96 NY2d 942 [2001]).

Under the rule created by the majority today, that burden is placed on the court.  While Rudolph imposed a responsibility on sentencing courts to make a determination regarding youthful offender status for all youths who are presumptively eligible, the Court held that the legislature had already placed that burden on sentencing courts through its use of the word "must" in CPL 720.20 (1) (see Rudolph, 21 NY3d at 501).  The legislature did not indicate, in CPL 720.10, that the courts must attempt to elicit and ascertain the existence of factors that would convert a youth who is presumptively ineligible for youthful offender status -- because he or she committed an armed felony -- into an eligible youth.  Notably, the phrase "if the court determines" in CPL 720.10 (3) is couched in passive language.

Not only does the majority err in holding that the court bears the burden of determining whether a presumptively ineligible youth is, in fact, an eligible youth, it goes even further so as to impose that responsibility on courts regardless of whether a defendant in that category requests -- or even waives -- youthful offender treatment. The majority does not explain how, or on what basis, a court would be able to make a determination of the enumerated factors for a defendant who does not seek such treatment. For example, in situations such as Middlebrooks, where the defendant pleaded guilty, the record may not contain information concerning mitigating circumstances or the extent of the defendant's role in the crime (see CPL 720.10 [3]). Is the court then obligated on its own to hold a hearing or beseech the possibly uninterested defendant[3] to provide additional information to enable the court to make an informed determination as to whether a presumptively ineligible youth qualifies as an eligible youth? It seems to me that the majority requires too much of the already-overburdened criminal courts; rather, the burden should be on the presumptively ineligible defendants who desire the benefits associated with youthful offender treatment. Although young defendants may not be versed

---

[3] Middlebrooks, while represented by counsel, entered a plea agreement whereby he pleaded guilty with a promised range of sentencing that would not be available if he were adjudicated a youthful offender. If he had obtained youthful offender status, he would have had to forego that favorable plea agreement.

in the law, counsel are available to assist them.  In our system of justice, unless the legislature has plainly laid a burden on a particular party or on the court (see Rudolph, 21 NY3d at 501; CPL 720.20 [1]), the burden generally rests upon the party seeking to benefit from a particular action (see People v McCartney, 38 NY2d 618, 622 [1976]; see also Buechel v Bain, 97 NY2d 295, 304 [2001], cert denied 535 US 1096 [2002]; Matter of Priest v Hennessy, 51 NY2d 62, 69 [1980]).  Accordingly, defendants who are presumptively ineligible for youthful offender treatment -- for example, because they committed an armed felony -- should be responsible for requesting such treatment, and bear the burden of establishing the statutory factor or factors that would permit a court to determine that they qualify as eligible youths.  As Middlebrooks did not do so, I would affirm the Appellate Division order in his case.

II.

In Lowe, I concur only in the result of reversal, based on an argument not reached by the majority.  Defense counsel requested an adjournment of sentencing to compile her own presentence report, as is permitted by statute (see CPL 390.40 [1]); she also requested consideration of Lowe for youthful offender status.  County Court refused to grant the adjournment, without any legitimate explanation, despite having moved sentencing up two weeks from its originally scheduled date.  It is unclear whether the defense report would have revealed

information related to the factors that could have qualified Lowe as an eligible youth (see CPL 720.10 [3]), and if counsel planned to use the report to establish those factors or for other sentencing-related purposes.  Under these circumstances, the court's denial of Lowe's reasonable request for an adjournment was an abuse of discretion, requiring that his conviction be reversed, his sentence vacated and the matter remitted for sentencing after affording defendant an opportunity to prepare a presentence report (see People v Foy, 32 NY2d 473, 476-477 [1973]; compare People v Becoats, 17 NY3d 643, 652-653 [2011], cert denied ___ US ___, 132 S Ct 1970 [2012]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

For Case No. 88:  Order reversed and case remitted to County Court, Erie County, for further proceedings in accordance with the opinion herein.  Opinion by Judge Fahey.  Chief Judge Lippman and Judges Rivera and Abdus-Salaam concur.  Judge Stein dissents in an opinion in which Judges Read and Pigott concur.


For Case No. 89:  Order reversed and case remitted to County Court, Onondaga County, for further proceedings in accordance with the opinion herein.  Opinion by Judge Fahey.  Chief Judge Lippman and Judges Rivera and Abdus-Salaam concur.  Judge Stein concurs in result in a separate concurring opinion in which Judges Read and Pigott concur.


Decided June 11, 2015