■ The People of the State of New York, Respondent, v Andre Fields, Appellant. [19 NYS3d 411]—Judgment, Supreme

Court, New York County (Bruce Allen, J.), rendered November 12, 2009, convicting defendant, after a jury trial, of assault in the first degree (two counts), attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts) and attempted robbery in the second degree, and sentencing him to an aggregate term of 10 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

The verdict was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility.

Defendant's ineffective assistance of counsel argument involves matters not reflected in, or fully explained by, the record, and thus requires a CPL 440.10 motion. Although defendant raised his present claim in such a motion, the motion was denied and a justice of this Court denied leave to appeal. Accordingly, our review is limited to the trial record (*see People v Evans*, 16 NY3d 571, 575 [2011]), and to the extent that record permits review, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

Defendant is entitled to an express determination of whether, notwithstanding his conviction of an armed felony, he is still eligible for youthful offender treatment based on the factors set forth in CPL 720.10 (3), and, if so, whether such treatment should be granted (*see People v Middlebrooks*, 25 NY3d 516 [2015]). Concur—Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ.