People v Alston (2016 NY Slip Op 08243)





People v Alston


2016 NY Slip Op 08243


Decided on December 7, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 7, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2012-01841
 (Ind. No. 3499/11)

[*1]The People of the State of New York, respondent,
v
Douglas Alston, appellant.


Seymour W. James, Jr., New York, NY (Kristina Schwarz of counsel), for appellant.
Eric Gonzalez, Acting District Attorney, Brooklyn, NY (Jodi L. Mandel of counsel), for respondent (no brief filed).



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murphy, J.), rendered January 30, 2012, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
The Supreme Court was required to determine on the record whether the defendant, whose conviction for criminal possession of a weapon in the second degree constituted an armed felony (see CPL 1.20[41]; Penal Law §§ 70.02[1][b]; 265.03[3]), was an "eligible youth" (see CPL 720.10[2], [3]) and, if so, whether or not he should be afforded youthful offender status (see People v Middlebrooks, 25 NY3d 516, 519; People v Rudolph, 21 NY3d 497, 501). Here, the record does not demonstrate that the court made that determination. Accordingly, we vacate the defendant's sentence, and remit the matter to the Supreme Court, Kings County, for resentencing after making this determination. We express no opinion as to whether the court should afford youthful offender status to the defendant.
RIVERA, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court