People v Robertucci (2019 NY Slip Op 04057)





People v Robertucci


2019 NY Slip Op 04057


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

109656

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANDREW M. ROBERTUCCI, Appellant.

Calendar Date: April 24, 2019

Before: Lynch, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered September 26, 2016, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In full satisfaction of a multicount indictment, defendant pleaded guilty to one count of rape in the first degree with the understanding that he would be sentenced to a prison term of five years followed by five years of postrelease supervision. The plea agreement, which included a waiver of the right to appeal and satisfied other pending charges resulting from defendant's violation of certain pretrial release conditions, arose out of an offense that defendant committed when he was 17 years old. Following defendant's plea, the matter was adjourned for sentencing. Despite some discussion at sentencing regarding defendant's age at the time of the underlying offense, County Court did not determine defendant's eligibility for youthful offender status and imposed the agreed-upon term of imprisonment. This appeal ensued.
Defendant argues, the People concede and we agree that County Court failed to determine defendant's eligibility for youthful offender status in the first instance. CPL 720.10 establishes the framework for determining youthful offender eligibility. Insofar as is relevant here, a "youth" is defined as "a person charged with a crime alleged to have been committed when he [or she] was at least [16] years old and less than [19] years old" (CPL 720.10 [1]), and an "eligible youth" is "a youth who is eligible to be found a youthful offender" (CPL 720.10 [2]). "Every youth is so eligible" (CPL 720.10 [2]) — subject to certain statutory exceptions including, as pertinent here, a conviction for "rape in the first degree . . ., except as provided in [CPL 720.10 (3)]" (CPL 720.10 [2] [a] [iii] [emphasis added]). To that end, CPL 720.10 (3) provides, in relevant part, that "a youth who has been convicted of . . . rape in the first degree . . . is an eligible youth if the court determines that one or more [statutory] factors exist," including [*2]"mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]).
Defendant was 17 years old at the time of the underlying offense and, despite his conviction of rape in the first degree, he was not statutorily precluded from being found to be an eligible youth (see CPL 720.10 [3]). Where, as here, a defendant has been convicted of an enumerated sex offense (see CPL 720.10 [2] [a] [iii]), the sentencing court, "in order to fulfill its responsibility under CPL 720.20 (1) to make a youthful offender determination for every eligible youth, . . . must make the threshold determination as to whether the defendant is an eligible youth by considering the factors set forth in CPL 720.10 (3)" (People v Middlebrooks, 25 NY3d 516, 525 [2015]) — "'even where the defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request' pursuant to a plea bargain" (id. at 527, quoting People v Rudolph, 21 NY3d 497, 499 [2013] [brackets omitted]; see People v Martz, 158 AD3d 991, 992 [2018]; People v Marquis A., 145 AD3d 61, 67-68 [2016]; People v Jahquel L., 112 AD3d 1155, 1156 n [2013]). As County Court failed to initially determine whether defendant was an eligible youth within the meaning of the statute, defendant's sentence is vacated and this matter is remitted for a determination as to defendant's eligibility for youthful offender status (see People v Middlebrooks, 25 NY3d at 527-528; People v Martz, 158 AD3d at 992-993; People v Daniels, 139 AD3d 1256, 1257-1258 [2016], lv denied 28 NY3d 1183 [2017]).
Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.