People v Rice (2019 NY Slip Op 06929)





People v Rice


2019 NY Slip Op 06929


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


846 KA 18-01873

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HANDSOME RICE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 9, 2017. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the surcharge and crime victim assistance fee and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him as a juvenile offender upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that County Court failed to satisfy its obligation to determine whether he was eligible for youthful offender treatment (see generally People v Middlebrooks, 25 NY3d 516, 525-527 [2015]; People v Rudolph, 21 NY3d 497, 499-501 [2013]). We reject defendant's contention. Where a court imposes sentence on a person who may be an eligible youth and who stands convicted of an armed felony, the court may, as it did here, "satisfy its obligation under Middlebrooks by declining to adjudicate the defendant a youthful offender after consideration on the record of factors pertinent to a determination whether an eligible youth should be adjudicated a youthful offender" (People v Stitt, 140 AD3d 1783, 1784 [4th Dept 2016], lv denied 28 NY3d 937 [2016]; see People v Macon, 169 AD3d 1439, 1440 [4th Dept 2019], lv denied 33 NY3d 978 [2019]). Contrary to defendant's further contention, even assuming, arguendo, that he was eligible to be adjudicated a youthful offender, we conclude that the court did not abuse its discretion in declining to grant defendant that status (see People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]), and we decline to exercise our discretion in the interest of justice to adjudicate defendant a youthful offender (see id. at 1400-1401; cf. People v Amir W., 107 AD3d 1639, 1640-1641 [4th Dept 2013]).
The sentence is not unduly harsh or severe. As the People correctly concede, however, the surcharge and crime victim assistance fee must be vacated because defendant is a juvenile offender (see Penal Law §§ 60.00 [2]; 60.10; People v Antonio J., 173 AD3d 1743, 1744 [4th Dept 2019]; People v Stump, 100 AD3d 1457, 1458 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]). We therefore modify the judgment accordingly.
We have considered defendant's remaining contention and conclude that it does not require reversal or further modification of the judgment.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court