People v Thomas (2020 NY Slip Op 01650)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Thomas

2020 NY Slip Op 01650

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2016-11776
(Ind. No. 8514/14)

[*1]The People of the State of New York, respondent,
vKeyshawn Thomas, appellant.

Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Anna Arena on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), rendered January 8, 2016, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the jugment is affirmed.
The defendant, a juvenile offender, was convicted of robbery in the first degree, an armed felony as defined in CPL 1.20(41). Pursuant to CPL 720.10(3), a juvenile offender who has been convicted of an armed felony is only eligible for youthful offender treatment, "if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution." "If the court determines, in its discretion, that neither of the CPL 720.10(3) factors exist and states the reasons for that determination on the record, no further determination by the court is required. If, however, the court determines that one or more of the CPL 720.10(3) factors are present, and the defendant is therefore an eligible youth, the court then must determine whether or not the eligible youth is a youthful offender'(CPL 720.20[1])" (People v Middlebrooks, 25 NY3d 516, 528).
Here, the Supreme Court did not improvidently exercise its discretion in declining to afford the defendant youthful offender status on the ground that neither of the CPL 720.10(3) factors were present in this case (see People v Henry, 76 AD3d 1031).
The sentence imposed was not excessive (see People v Suitte, 90 AD2D 80).
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court