People v Wimberly (2024 NY Slip Op 03514)

People v Wimberly

2024 NY Slip Op 03514

Decided on June 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 27, 2024

110407C
[*1]The People of the State of New York, Respondent,
v
Savion Wimberly, Appellant.

Calendar Date:June 3, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Albany County (Peter A. Lynch, J.), rendered April 25, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant, then 16 years old, waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with criminal possession of a weapon in the second degree. The People afforded defendant the opportunity to plead guilty to the charged crime with the understanding that he would be sentenced to a prison term of five years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement and, after determining that defendant was not an eligible youth for purposes of youthful offender treatment, County Court imposed the agreed-upon sentence. This appeal ensued.
We affirm. Defendant's challenge to the voluntariness of his plea, which survives even a valid appeal waiver, is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Merritt, 210 AD3d 1209, 1209 [3d Dept 2022]; People v Crossley, 191 AD3d 1046, 1047 [3d Dept 2021], lv denied 37 NY3d 991 [2021]), and the narrow exception to the preservation requirement was not triggered here. In any event, defendant's claim of coercion is belied by the record, wherein defendant assured County Court that he was pleading guilty of his own free will (see People v Hawkins, 207 AD3d 814, 816 [3d Dept 2022]). We decline defendant's request to take corrective action in the interest of justice, "as the record reflects that he made a knowing, voluntary and intelligent choice to plead guilty" (People v Nunnally, 224 AD3d 992, 993 [3d Dept 2024], lv denied ___ NY3d ___ [May 7, 2024]).
Defendant's related ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved (see People v Tucker, 222 AD3d 1038, 1042 [3d Dept 2023]; People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). To the extent that defendant's ineffective assistance of counsel claim is premised upon counsel's alleged failure to explain certain aspects of the proceedings to or adequately communicate with defendant, such claims implicate matters outside of the record that are more properly addressed in the context of a CPL article 440 motion (see People v Taylor, 207 AD3d 806, 810 [3d Dept 2022], lv denied 39 NY3d 942 [2022]; People v Elawar, 204 AD3d 1247, 1249 [3d Dept 2022], lv denied 38 NY3d 1133 [2022]).
As to the sentence imposed, the People concede — and the record confirms — that the waiver of the right to appeal is invalid. Hence, defendant's claims that County Court abused its discretion in failing to grant him youthful offender status and that the negotiated sentence imposed was unduly harsh or severe (see CPL 470.15 [6] [b]) are not precluded (see [*2]People v McGill, 207 AD3d 996, 997 [3d Dept 2022], lv denied 39 NY3d 987 [2022]; People v Williams, 202 AD3d 1162, 1163 [3d Dept 2022], lv denied 38 NY3d 954 [2022]). That said, we discern no basis upon which to disturb the sentence imposed.
"[W]here, as here, a youth has been convicted of an armed felony offense, he or she is eligible to be found a youthful offender if the sentencing court determines that one or more of the factors set forth in CPL 720.10 (3) are present — namely, whether there are mitigating circumstances that bear directly upon the manner in which the crime was committed or, if the defendant was not the sole participant in the crime, whether the defendant's participation was relatively minor, although not so minor as to constitute a defense. If the court determines, in its discretion, that neither of the [statutory] factors exists and states the reasons for that determination on the record, no further determination by the court is required" (People v Williams, 202 AD3d at 1163 [internal quotation marks, brackets and citations omitted]; accord People v Colon, 208 AD3d 1551, 1553 [3d Dept 2022], lv denied 39 NY3d 1071 [2023]; see People v Middlebrooks, 25 NY3d 516, 526-527 [2015]).
Here, defendant concedes that he was not the only participant in the crime and, further, that his participation therein was not relatively minor, leaving us to consider whether sufficient mitigating circumstances exist. In this regard, "the case law makes clear that traditional sentencing factors, such as the defendant's age, background and criminal history, are not appropriate to the mitigating circumstances analysis. Instead, the sentencing court must rely only on factors related to the defendant's conduct in committing the crime, such as a lack of injury to others or evidence that the defendant did not display a weapon during the crime, or other factors that are directly related to the crime of which the defendant was convicted" (People v Williams, 202 AD3d at 1164 [internal quotation marks, brackets and citations omitted]). There is no question that defendant possessed and fired a weapon during the commission of his crime and, although there is no indication that anyone sustained physical injuries, "the record does not otherwise disclose any mitigating circumstances that bear directly upon the manner in which the crime was committed" (id.). Under these circumstances, we cannot say that County Court abused its discretion in concluding that defendant was not eligible for youthful offender treatment. Finally, upon reviewing the record as a whole, we do not find the negotiated sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.