People v Cummings (2025 NY Slip Op 00921)

People v Cummings

2025 NY Slip Op 00921

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Ind. No. 737/17, 4349/17 Appeal No. 3728-3728A Case No. 2019-03394, 2023-01987 

[*1]The People of the State of New York, Respondent,
v
Christion D. Cummings, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Sarah E. Siegel of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Edwina G. Mendelson, J., at plea on Indictment No. 737/2017; Gayle P. Roberts, J., at plea on Indictment No. 4349/2017 and sentencing on both indictments), rendered June 27, 2019, convicting defendant under Indictment No. 737/2017, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree; and under Indictment No. 4349/2017, of attempted murder in the second degree, assault in the first degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 15 years, unanimously modified, on the law, to the extent of vacating the sentences and remanding for a youthful offender determination on both convictions, and otherwise affirmed. Order, same court (Ruth Pickholz, J.), entered on or about March 21, 2023, which denied defendant's CPL 440.20 motion to vacate his sentence, unanimously reversed, and the matter remanded for resentencing.
As the People concede, defendant is entitled to resentencing pursuant to People v Rudolph (21 NY3d 497 [2013]) for a youthful offender determination under both indictments. Initially, since defendant committed crimes that fall within one of the exceptions to eligibility, the sentencing court must make a threshold determination as to whether to exercise its discretion to deem defendant an eligible youth under CPL 720.10(3) (People v Middlebrooks, 25 NY3d 516, 525 [2015]). If the court determines on the record, in the exercise of its discretion, that the CPL 720.10(3) factors do not exist and that defendant therefore is not an eligible youth, no further determination is required. However, if the court determines that defendant is an eligible youth based on the presence of one or more of those factors, the court must exercise its discretion a second time to determine whether the eligible youth should be granted youthful offender treatment (id.). Here, although it is apparent from the record of the plea proceeding that the court did not believe that defendant was entitled to youthful offender treatment, it "did not make the requisite explicit determination on the record at sentencing" (People v Basano, 122 AD3d 55, 553-554 [1st Dept 2014], lv denied 25 NY3d 1019 [2015]; see CPL 720.20[1]).
Additionally, although not the basis for our ruling, the court is directed upon remand to pronounce sentence as to each count of the indictments.
We otherwise perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025