(December 9, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR FERMIN, Appellant. [998 NYS2d 180]—

Appeal from judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 21, 2006, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him to a term of 60 days, held in abeyance, and the matter remitted for further proceedings in accordance herewith.

For the reasons stated in *People v Brazil* (123 AD3d 466 [2014] [decided herewith]), we find that *People*

*v Peque* (22 NY3d 168 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]) applies retroactively to cases pending on direct appeal.

When defendant pleaded guilty, the court did not warn him that if he was not a citizen, he could be deported as a result of his plea. Therefore, under *Peque*, defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (*Peque*, 22 NY3d at 198).

Accordingly, we remit for the remedy set forth in *Peque* (22 NY3d at 200-201), and we hold the appeal in abeyance for that purpose (*see People v Charles*, 117 AD3d 1073 [2d Dept 2014]). Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.