■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA RICHARDSON, Appellant. [10 NYS3d 264]—

Appeals by the defendant from two judgments of the Supreme Court, Kings County (Murphy, J.), both rendered April 5, 2010, convicting him of robbery in the first degree under indictment No. 1105/06, and robbery in the second degree under indictment No. 1321/06, respectively, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the record demonstrates that the sentencing court made an independent determination regarding whether he should be treated as a youthful offender and adequately placed on the record its reasons for denying him youthful offender status (*see* CPL 720.20 [1]; *People v Rudolph*, 21 NY3d 497 [2013]; *cf. People v Evans*, 126 AD3d 721 [2015]; *People v Then*, 121 AD3d 1025 [2014]). Under the circumstances of this case, including the seriousness of the crimes and the defendant's failure to complete certain programs offered as a condition of youthful offender treatment, including absconding from one program and remaining a fugitive for many months, the Supreme Court providently exercised its discretion in denying the defendant youthful offender treatment (*see People v Almonte*, 122 AD3d 870 [2014]; *People v Booker*, 111 AD3d 759 [2013]).

That portion of the sentence which imposed concurrent terms of postrelease supervision was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.