# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**995**
**KA 10-00808**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JUAN C. MEDINA, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (NICOLE L. KYLE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 15, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted promoting prison contraband in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Jefferson County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [2]). The record of the plea proceeding establishes that County Court failed to apprise defendant, a noncitizen, that deportation was a potential consequence of his guilty plea. As defendant contends and the People correctly concede, the case should be remitted to afford defendant "the opportunity to move to vacate his plea upon a showing that there is a 'reasonable probability' that he would not have pleaded guilty had the court advised him of the possibility of deportation" (*People v Fermin*, 123 AD3d 465, 466, quoting *People v Peque*, 22 NY3d 168, 198). We therefore hold the case, reserve decision, and remit the matter to County Court for that purpose. Defendant further contends that counsel was ineffective in failing to inform him that deportation was a potential consequence of the plea (*see Padilla v Kentucky*, 559 US 356). Inasmuch as that contention is based upon matters outside the record, it must be raised in a motion pursuant to CPL 440.10 (*see People v Drammeh*, 100 AD3d 650, 651, *lv denied* 20 NY3d 1098).

Entered: October 9, 2015                          Frances E. Cafarell
                                                  Clerk of the Court