■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOELY MELENDEZ, Appellant. [17 NYS3d 410]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered January 31, 2013, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree and sentencing to him to a term of two years, unanimously modified, on the law, to the extent of vacating the sentence, and remitting the matter for resentencing and further proceedings in accordance herewith.

When defendant pleaded guilty, the court did not apprise him that if he was not a citizen, he may be deported as a consequence of his plea. Therefore, "defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a reasonable probability that he would not have pleaded guilty had the court advised him of the possibility of deportation" (*People v Fermin*, 123 AD3d 465, 466 [1st Dept 2014] [internal quotation marks omitted]). Accordingly, the matter is remitted for the remedy set forth in *People v Peque*, 22 NY3d 168, 200-201 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]). "Since defendant did not know about the possibility of deportation during the plea and sentencing proceedings . . . [his] claim falls within [the] narrow exception to the preservation doctrine" (*Peque*, 22 NY3d at 183).

Further, the sentencing court's determination as to the applicability of the mitigating factors set forth in CPL 720.10 (3) was not adequately set forth in the record (*see People v Middlebrooks*, 25 NY3d 516 [2015]), and defendant is entitled to a remand for that purpose. Concur—Tom, J.P., Acosta, Richter and Kapnick, JJ.