# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

599
KA 14-00470
PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSE J. STITT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered August 12, 2013. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree and robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]) and robbery in the third degree (§ 160.05). We reject defendant's contention that Supreme Court erred in failing to consider adequately his eligibility for youthful offender treatment (*see generally People v Middlebrooks*, 25 NY3d 516, 525-527; *People v Rudolph*, 21 NY3d 497, 499-501). At sentencing, the court denied defendant's request for youthful offender treatment, and attributed the denial to the seriousness of the crimes, defendant's prior legal history, and defendant's failure to take responsibility for his actions. The court's remarks establish that it "made an independent determination" whether to adjudicate defendant a youthful offender (*People v Richardson*, 128 AD3d 988, 989, *lv denied* 25 NY3d 1206; *see People v Fate*, 117 AD3d 1327, 1329, *lv denied* 24 NY3d 1083; *see generally People v Jackson*, 119 AD3d 1361, 1361-1362, *lv denied* 23 NY3d 1063), and that it did not deny defendant's request merely because defendant had been convicted of an armed felony (*cf. Middlebrooks*, 25 NY3d at 525-526), or in deference to the plea agreement (*cf. Rudolph*, 21 NY3d at 501; *People v Potter*, 114 AD3d 1183, 1184).

We recognize that the court did not explicitly address the threshold issue whether defendant was an eligible youth notwithstanding his conviction of an armed felony (*see CPL 720.10 [2]*

[a] [ii]; [3]), and that, in general, a court sentencing a defendant whose only barrier to youthful offender eligibility is his or her conviction of an armed felony "is required to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3)" (*Middlebrooks*, 25 NY3d at 527). In our view, however, a court in an armed felony case can satisfy its obligation under *Middlebrooks* by declining to adjudicate the defendant a youthful offender after consideration on the record of factors pertinent to a determination whether an eligible youth should be adjudicated a youthful offender (*see id.* at 527; *People v Thomas R.O.*, 136 AD3d 1400, 1402), thereby demonstrating that it implicitly resolved the threshold issue of eligibility in the defendant's favor (*cf. People v Lowe*, 25 NY3d 516, 521 n 1), or assumed, arguendo, that the defendant was an eligible youth (*see e.g. People v Lewis*, 128 AD3d 1400, 1400, *lv denied* 25 NY3d 1203). We therefore conclude that the record here "belies defendant's contention that the court [erred in failing] to determine whether he was eligible for youthful offender status" (*People v Michael A.C.* [appeal No. 2], 128 AD3d 1359, 1360, *lv denied* 25 NY3d 1168; *cf. People v Melendez*, 132 AD3d 471, 471).

Entered:  June 17, 2016                          Frances E. Cafarell
                                                 Clerk of the Court