# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

201

KA 15-00476

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

KEVIN A. DUKES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 13, 2015. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and criminal sexual act in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]) and criminal sexual act in the first degree (§ 130.50 [1]). On a prior appeal, we reversed the judgment, vacated the plea, and remitted the matter to Supreme Court on the ground that the court had "erred in accepting [defendant's] plea without ensuring that he was making an informed decision to waive a potential affirmative defense to the robbery charge" (*People v Dukes*, 120 AD3d 1597, 1597). On remittal, defendant entered the same plea and received the same sentence. Defendant now contends that the court erred in failing to make a reasoned determination whether he should be afforded youthful offender status. We agree.

Where, as here, "a defendant has been convicted of an armed felony or an enumerated sex offense pursuant to CPL 720.10 (2) (a) (ii) or (iii), and the only barrier to his or her youthful offender eligibility is that conviction, the court is required to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3). The court must make such a determination on the record 'even where [the] defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request' pursuant to a plea bargain . . . If the court determines, in its discretion, that neither of the CPL 720.10 (3) factors exist *and*

*states the reasons for that determination on the record*, no further determination by the court is required.  If, however, the court determines that one or more of the CPL 720.10 (3) factors are present, and the defendant is therefore an eligible youth, the court then 'must determine whether or not the eligible youth is a youthful offender' " (*People v Middlebrooks*, 25 NY3d 516, 527-528 [emphasis added]).

Here, the court did not state on the record its reasons for determining that neither of the CPL 720.10 (3) factors exists, as required by *Middlebrooks*, and it did not otherwise "demonstrat[e] that it implicitly resolved the threshold issue of eligibility in . . . defendant's favor" (*People v Stitt*, 140 AD3d 1783, 1784, *lv denied* 28 NY3d 937).  We therefore hold the case, reserve decision, and remit the matter to Supreme Court to state for the record its reasons for determining that neither of the CPL 720.10 (3) factors is present (*see People v Quinones*, 129 AD3d 1699, 1700; *People v Stewart*, 129 AD3d 1700, 1701).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court