◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS DELEG ALVARRACIN, Appellant. [50 NYS3d 146]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin-Brandt, J.), rendered March 2, 2015, convicting him of possessing a sexual performance by a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Brown*, 122 AD3d 133, 141 [2014]).

The defendant's contention that he was deprived of the effective assistance of counsel based upon his attorney's failure to accurately advise him of the immigration consequences of his plea is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In order to properly assess the defendant's claim, this Court is required to "weigh not only the strength of the People's evidence and the potential sentence a defendant faces if convicted after trial, but also, 'the particular circumstances informing the defendant's desire to remain in the United States' " (*People v Roberts*, 143 AD3d 843, 845 [2016], quoting *People v Picca*, 97 AD3d 170, 183-184 [2012]). Factors such as the length of time the defendant has spent in this country and the defendant's ties to his country of origin, which are absent from this record, are critical to evaluating whether there is a "reasonable probability that, if counsel had informed him that he was certain to be deported as a result of his guilty plea, he would not have pleaded guilty and would have gone to trial" (*People v Hernandez*, 22 NY3d 972, 976 [2013]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d 1108 [2011]).

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665 [1988]). In any event, the defendant's contention is without merit (*see People v Taveras*, 123 AD3d 745, 745 [2014]). Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.