*Empl. Relations Bd.*, 153 AD3d 1643, 1645 [4th Dept 2017]). Present—Smith, J.P., Carni, Lindley, Curran and Troutman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN A. DUKES, Appellant. [65 NYS3d 828]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 13, 2015. The appeal was held by this Court by order entered February 10, 2017, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (147 AD3d 1534). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter to Supreme Court based on the court's failure "to make a reasoned determination whether [defendant] should be afforded youthful offender status" (*People v Dukes*, 147 AD3d 1534, 1535 [4th Dept 2017]). We directed the court on remittal to "state for the record its reasons for determining that neither of the CPL 720.10 (3) factors is present," as required by *People v Middlebrooks* (25 NY3d 516, 527-528 [2015]) (*Dukes*, 147 AD3d at 1535).

Upon remittal, the court declined to adjudicate defendant a youthful offender, and we now affirm. Inasmuch as defendant was convicted of robbery in the first degree (Penal Law § 160.15 [4]), an armed felony offense (*see* CPL 1.20 [41] [b]), he is ineligible for a youthful offender adjudication unless the court determined that there were "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]) or where the defendant was not the sole participant in the crime and his "participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10 [3] [ii]). The court properly concluded that there were no such mitigating circumstances in this case and that, although defendant was not the sole participant in the crime, his participation was not relatively minor. The court therefore did not abuse its discretion in refusing to afford defendant youthful offender status (*see People v Stewart*, 140 AD3d 1654, 1654-1655 [4th Dept 2016], *lv denied* 28 NY3d 937 [2016]; *People v Agee*, 140 AD3d 1704, 1704 [4th Dept 2016], *lv denied* 28 NY3d 925 [2016]). Present—Peradotto, J.P., Carni, Lindley and Curran, JJ.