People v Keith B.J. (2018 NY Slip Op 00734)





People v Keith B.J.


2018 NY Slip Op 00734


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1389 KA 15-01389

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH B.J., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered April 14, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice, the conviction is vacated, defendant is adjudicated a youthful offender, and the matter is remitted to Monroe County Court for sentencing.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the County Court erred in denying his request to be adjudicated a youthful offender.
Initially, we agree with defendant that the court did not explicitly address the threshold issue whether defendant was an eligible youth despite his conviction of an armed felony (see CPL 720.10 [2] [a] [ii]; [3]). We conclude, however, that the court implicitly resolved the threshold issue of eligibility in defendant's favor (see People v Stitt, 140 AD3d 1783, 1784 [4th Dept 2016], lv denied 28 NY3d 937 [2016]), and that the court properly did so because, under the facts of this case, there are sufficient "mitigating circumstances" to render defendant eligible for youthful offender treatment (see CPL 720.10 [3] [i], [ii]; People v Glen W., 89 AD2d 883, 883 [2d Dept 1982]).
We also agree with defendant that he should be afforded youthful offender status. In determining whether to afford such treatment to a defendant, a court must consider "the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]; see People v Shrubsall, 167 AD2d 929, 930 [4th Dept 1990]). Here, the only factor weighing against affording defendant youthful offender treatment is the seriousness of the crime (see Shrubsall, 167 AD2d at 930; Cruickshank, 105 AD2d at 335). Defendant was 17 years old at the time of the crime and had no prior criminal record or history of violence. Defendant has accepted responsibility for his actions and expressed genuine remorse. The presentence report recommended youthful offender treatment, and the record establishes that defendant has the capacity for a productive and law-abiding future.
Although we do not conclude, after weighing the appropriate factors, that the court abused its discretion in denying defendant youthful offender status, we nevertheless choose to exercise our discretion in the interest of justice by reversing the judgment, vacating the [*2]conviction, and adjudicating defendant a youthful offender, and we remit the matter to County Court for sentencing on the adjudication (see Cruickshank, 105 AD2d at 335).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court