People v Gonzalez (2019 NY Slip Op 03191)





People v Gonzalez


2019 NY Slip Op 03191


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


405 KA 16-01367

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUIS GONZALEZ, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered August 1, 2016. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that County Court erred in failing to determine whether he should be afforded youthful offender status. We agree. Because defendant was convicted of an armed felony offense (see CPL 1.20 [41]), he is ineligible for a youthful offender adjudication unless the court determines that one of two mitigating factors is present (see CPL 720.10 [2] [a] [ii]; [3]). If the court, in its discretion, determines that neither of the CPL 720.10 (3) factors is present and states the reasons for that determination on the record, then no further determination is required (see People v Middlebrooks, 25 NY3d 516, 527 [2015]; People v Dukes, 147 AD3d 1534, 1535 [4th Dept 2017]). If, on the other hand, the court determines that one or more of those factors are present, and therefore defendant is an eligible youth, the court then must determine whether he is a youthful offender (see Middlebrooks, 25 NY3d at 527; Dukes, 147 AD3d at 1535). Here, the court failed to follow the procedure set forth in Middlebrooks. We therefore hold the case, reserve decision, and remit the matter to County Court "to make and state for the record a determination of whether defendant is a youthful offender' " (People v Wilson, 151 AD3d 1836, 1837 [4th Dept 2017], quoting People v Rudolph, 21 NY3d 497, 503 [2013]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court