People v Jumale (2020 NY Slip Op 04697)





People v Jumale


2020 NY Slip Op 04697


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


520 KA 18-00658

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MOHAMED JUMALE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 10, 2017. The judgment convicted defendant upon his plea of guilty of attempted burglary in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]), defendant, a noncitizen, contends that his felony guilty plea was not knowingly, voluntarily, and intelligently entered because Supreme Court failed to advise him of the potential deportation consequences of such a plea, as required by People v Peque (22 NY3d 168 [2013], cert denied 574 US 840 [2014]). As a preliminary matter, we note that defendant's challenge to the voluntariness of his plea would survive even a valid waiver of the right to appeal (see People v Roman, 160 AD3d 1492, 1492 [4th Dept 2018]). Even assuming, arguendo, that defendant was required to preserve his contention under the circumstances of this case (see People v Delorbe, 35 NY3d 112, 118-119 [2020]), we exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). "[D]ue process compels a trial court to apprise a defendant that, if the defendant is not an American citizen, he or she may be deported as a consequence of a guilty plea to a felony" (Peque, 22 NY3d at 176). Here, the record of the plea proceeding establishes that the court failed to fulfill that obligation (see id. at 200; People v Medina, 132 AD3d 1363, 1363 [4th Dept 2015]). As defendant contends and contrary to the People's suggestion, "the case should be remitted to afford defendant the opportunity to move to vacate his plea upon a showing that there is a reasonable probability that he would not have pleaded guilty had the court advised him of the possibility of deportation" (Medina, 132 AD3d at 1363 [internal quotation marks omitted]; see Peque, 22 NY3d at 200-201). We therefore hold the case, reserve decision, and remit the matter to Supreme Court for that purpose.
Defendant further contends that he was denied effective assistance of counsel because defense counsel misadvised him about the potential deportation consequences of the plea (see Padilla v Kentucky, 559 US 356, 374 [2010]). We conclude that defendant's contention "is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance' " (People v Alvarracin, 148 AD3d 1041, 1042 [2d Dept 2017], lv denied 29 NY3d 1075 [2017]). Where, as here, "the claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety' " (People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018] [emphasis omitted]; see Medina, 132 AD3d at 1364; see generally People v Maffei, — NY3d &mdash, &mdash, 2020 NY Slip Op 02680, *3 [2020]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court