People v Blake (2024 NY Slip Op 02422)

People v Blake

2024 NY Slip Op 02422

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

185 KA 19-02240

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAMIU BLAKE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered September 6, 2018. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, in appeal No. 1, from a judgment convicting him, upon a plea of guilty, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and, in appeal No. 2, from a judgment convicting him, upon a plea of guilty, of criminal possession of a weapon in the second degree (§ 265.03 [3]). The two pleas were entered in a single plea proceeding.
As defendant contends in both appeals and the People correctly concede, the respective waivers of defendant's right to appeal are invalid inasmuch as the written waivers and the oral waiver colloquy " 'mischaracterized the nature of the right[s] that defendant was being asked to cede, portraying the waiver[s] as [overly broad and] an absolute bar to defendant taking an appeal' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US —, 140 S Ct 2634 [2020]).
Defendant contends in both appeals that Supreme Court failed to make the necessary determination whether he was eligible for youthful offender treatment. Contrary to defendant's contention, we conclude that the court implicitly resolved the threshold issue of youthful offender eligibility in defendant's favor (see People v Macon, 169 AD3d 1439, 1440 [4th Dept 2019], lv denied 33 NY3d 978 [2019]; People v Stitt, 140 AD3d 1783, 1784 [4th Dept 2016], lv denied 28 NY3d 937 [2016]). Contrary to defendant's further contention in both appeals, even assuming, arguendo, that he was eligible for youthful offender status, we conclude that the court did not abuse its discretion in refusing to grant him that status (see People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]). In addition, we perceive no basis for exercising our own discretion in the interest of justice to adjudicate defendant a youthful offender (see id. at 1400-1401).
Finally, we reject defendant's contention in both appeals that his agreed-upon sentences are unduly harsh and severe.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court