People v Harris (2025 NY Slip Op 01718)

People v Harris

2025 NY Slip Op 01718

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Ind No. 571/19 SCI No. 785/20|Appeal No. 3951-3951A|Case No. 2021-01959|

[*1]The People of the State of New York, Respondent,
v
Amir Harris, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (David Billingsley of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen N. Biben, J. at plea; Cassandra M. Mullen, J. at sentencing), rendered August 13, 2020, convicting defendant, upon his plea of guilty, of attempted assault in the first degree and sentencing him to a term of 3½ years under indictment No. 571/19; and judgment, same court (Mullen, J. at plea and sentencing), rendered August 14, 2020, as amended October 8, 2020, and November 2, 2020, convicting him, upon his pleas of guilty, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 5 years under SCI 785/20, to run consecutively with the sentence imposed under indictment No. 571/19, unanimously modified, on the law, to the extent of vacating the sentences and remanding for further proceedings consistent with this decision, and otherwise affirmed.
As the People concede, defendant is entitled to be resentenced pursuant to People v Rudolph (21 NY3d 497 [2013]) and People v Middlebrooks (25 NY3d 516 [2015]). Although defendant's convictions of the armed felony offenses of attempted assault in the first degree and criminal possession of a weapon in the second degree were not presumptively eligible for youthful offender treatment (see CPL 720.10[2][a][ii]; see also CPL 1.20[41]), he was nonetheless entitled to a "determination as to the applicability of the mitigating factors set forth in CPL 720.10(3)" (People v Melendez, 132 AD3d 471, 471 [1st Dept 2015]; see Middlebrooks, 25 NY3d at 525). As to defendant's conviction of attempted murder in the second degree, he "was eligible for youthful offender treatment without any presumption of ineligibility" (People v Marcus T., 233 AD3d 622, 623 [1st Dept 2024]; see CPL 720.10[2]), and thus was entitled to an express youthful offender determination as to that charge (see People v Enrique F., 214 AD3d 541, 542 [1st Dept 2023]). Therefore, we remand both the cases to the trial court to make the necessary youthful offender and eligibility determinations.
Defendant's request for a waiver of the surcharges and fees should be addressed to the resentencing court (see id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 20, 2025