People v Martz (2020 NY Slip Op 01528)





People v Martz


2020 NY Slip Op 01528


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

110306

[*1]The People of the State of New York, Respondent,
v
John K. Martz, Appellant.

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Marshall Nadan, Kingston, for appellant.
Christopher C. Shambo, District Attorney, Indian Lake (Susan M. Johnson of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered March 13, 2018, which resentenced defendant following his conviction of the crimes of criminal sexual act in the first degree and sexual abuse in the first degree.
In March 2016, defendant pleaded guilty to the crimes of criminal sexual act in the first degree and sexual abuse in the first degree and waived his right to appeal. Defendant committed the crime of criminal sexual act in the first degree at the age of 15 and committed the crime of sexual abuse in the first degree at the age of 17. At sentencing, defense counsel requested that County Court grant defendant youthful offender status. County Court stated that it did not know whether defendant was eligible for youthful offender status but that, "assuming for the sake of discussion" defendant was eligible, it would "deny the application," based on the need for deterrence and the concern that the crimes at issue "may reflect a proclivity." Defendant was thereafter sentenced to an aggregate prison term of eight years to be followed by 20 years of postrelease supervision.
Defendant appealed, and this Court held that County Court's admission that it did not know whether defendant was eligible for youthful offender status established that the court was unaware of the applicability of the statutory override provisions of CPL 720.10 (3) (158 AD3d 991, 992 [2018]). Given County Court's failure to make such a determination, this Court vacated defendant's sentence and remitted the matter to County Court for resentencing for that purpose (id.). Upon remittal, County Court determined, on the record, that defendant was not eligible for a youthful offender adjudication because neither of the factors set forth in CPL 720.10 (3) was present. Adhering to the original sentence and plea agreement, County Court then resentenced defendant to an aggregate prison term of eight years to be followed by 20 years of postrelease supervision. Defendant appeals.
Defendant contends that County Court abused its discretion in denying him youthful offender status and that the sentence imposed was harsh and excessive. Initially, although defendant waived his right to appeal at the time of the plea, this waiver was invalid. During the plea colloquy, County Court informed defendant that, although he had a right to make certain postconviction motions "to this court or to other courts" regarding his convictions and/or sentence, as a result of waiving the right to appeal, he would be "giving up the right to do any of those things, appeal or make such motions, for all time with regard to these convictions." County Court further informed defendant that, by waiving his right to appeal, he would be giving up his right to make any postconviction motions pursuant to Penal Law articles 330 and 440, "as well as [to] bring habeas corpus proceedings and have other courts look at whether it was a proper conviction or a proper sentence." As this waiver purported to encompass certain nonwaivable rights, it was not knowing, intelligent and voluntary and, thus, invalid (see People v Thomas, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *7 [2019]; People v Barrales, ___ AD3d ___, ___, 2020 NY Slip Op 00329, *1 [2020]).
Turning to the merits, "[t]he decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (People v Soule, 162 AD3d 1407, 1407 [2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 1068 [2018]). Upon remittal, County Court expressly found that there were "no mitigating circumstances that bear directly upon the manner in which the crime was committed," that defendant was the sole participant in the crime and that "[h]is participation was far from relatively minor," and it that he was not an eligible youth (see CPL 720.10 [2] [a] [iii]; [3]). Accordingly, having considered the factors set forth in CPL 720.10 (3), and in the absence of mitigating circumstances, we find no abuse of discretion in County Court's determination that defendant was not an eligible youth (see People v Singh, 171 AD3d 953, 955 [2019], lv denied 33 NY3d 1108 [2019]; People v Brodhead, 106 AD3d 1337, 1337 [2013], lv denied 22 NY3d 1087 [2014]; People v Orcutt, 51 AD3d 1404, 1405 [2008]). Finally, given the nature of the crimes committed and the fact that defendant agreed to the sentence imposed as part of his negotiated plea agreement, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Williams, 155 AD3d 1260, 1261 [2017], lv denied 30 NY3d 1121 [2018]).
Garry, P.J., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.