People v Jones (2020 NY Slip Op 02202)





People v Jones


2020 NY Slip Op 02202


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

109014

[*1]The People of the State of New York, Respondent,
v
D'Andre Jones, Appellant.

Calendar Date: February 19, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Spencer E. Lane of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered August 18, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In February 2016, in a 35-count indictment returned against defendant and two others, defendant was charged with eight counts of criminal possession of a weapon in the second degree and one count of manufacture, transport, disposition and defacement of weapons and dangerous instruments and appliances. The charges arose out of defendant's presence in a vehicle that was allegedly used in connection with a shooting that occurred in August 2015, less than one month after defendant turned 16 years old, and law enforcement's subsequent discovery of several loaded handguns within that vehicle. Pursuant to a negotiated plea deal, defendant pleaded guilty to one count of criminal possession of a weapon in the second degree in full satisfaction of all charges against him in the indictment and waived his right to appeal, orally and in writing. Defendant entered his guilty plea with the understanding that County Court would sentence him to 3½ years in prison, followed by five years of postrelease supervision. In accepting the plea agreement, County Court indicated that it would decide "the issue of youthful offender treatment . . . in its discretion, with no promises being made, one way or the other." At sentencing, County Court declined, "in an exercise of its discretion," to adjudicate defendant a youthful offender and sentenced him in accordance with the negotiated plea agreement. Defendant appeals.
Initially, we find that defendant's waiver of the right to appeal is valid. The record reflects that defendant was advised that his waiver of the right to appeal was a condition of the plea agreement, and defendant agreed to such condition. Additionally, at the time of his plea, County Court adequately explained that the waiver of the right to appeal was separate and distinct from the rights that defendant was automatically forfeiting by pleading guilty, and defendant acknowledged that he understood. Further, defendant executed a written appeal waiver in open court, which he reviewed with counsel. Accordingly, upon review of the record, we are satisfied that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Griffin, 177 AD3d 1039, 1040 [2019], lv denied 34 NY3d 1078 [2019]; People v Boyette, 175 AD3d 751, 752 [2019], lv denied 34 NY3d 979 [2019]).
Defendant also challenges County Court's determination to deny him youthful offender status. Where, as here, a "youth" has been convicted of an armed felony offense (see CPL 1.20 [41]; 720.10 [1], [2] [a]; Penal Law § 70.02 [1] [b]), he or she is eligible to be found a youthful offender if the sentencing court determines that one or more of the factors set forth in CPL 720.10 (3) are present — namely, whether there are "mitigating circumstances that bear directly upon the manner in which the crime was committed" or, if "the defendant was not the sole participant in the crime, [whether] the defendant's participation was relatively minor[,] although not so minor as to constitute a defense." In accordance with People v Middlebrooks (25 NY3d 516 [2015]), the sentencing court must "determine on the record whether the defendant is an eligible youth by considering the presence or absence of the [CPL 720.10 (3)] factors" (id. at 527). "If the court determines, in its discretion, that neither of the CPL 720.10 (3) factors exist and states the reasons for that determination on the record, no further determination by the court is required" (id. at 528). If, however, the court determines that the defendant is an eligible youth by virtue of the presence of one or more of the CPL 720.10 (3) factors, the court must then proceed to the determination of whether the eligible youth is a youthful offender (see id. at 527-528; CPL 720.10 [3]; 720.20 [1]). This latter determination involves the consideration of various factors, such as "the gravity of the crime and manner in which it was committed, mitigating circumstances, [the] defendant's prior criminal record, [the defendant's] prior acts of violence, recommendations in the presentence reports, [the] defendant's reputation, the level of cooperation with authorities, [the] defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a further constructive life" (People v Cruickshank, 105 AD2d 325, 334 [1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]; see People v Price, 150 AD3d 1485, 1486 [2017], lv denied 29 NY3d 1132 [2017]).
Although County Court expressly considered whether defendant was a youthful offender, it is unclear on this record whether it recognized that defendant pleaded guilty to an armed felony offense (see Penal Law § 265.03 [1] [b]) and that it was therefore required to first make — on the record — a determination as to whether defendant was an eligible youth by considering the CPL 720.10 (3) factors. There is no reference at the time of the plea or at sentencing, or within the presentence investigation report, to defendant having pleaded guilty to an armed felony offense. Additionally, there is no discussion or argument regarding the statutory factors determinative of defendant's eligibility to be considered for youthful offender status. Thus, the record does not conclusively establish that County Court made the requisite threshold eligibility determination (see People v Colon, 173 AD3d 1255, 1256-1257 [2019]). Regardless, even if County Court implicitly determined that defendant was an eligible youth, it failed to properly set forth that determination on the record, as required (see People v Lofton, 29 NY3d 1097, 1098 [2017]; People v Middlebrooks, 25 NY3d at 527-528; People v Martz, 158 AD3d 991, 992-993 [2018]; People v Daniels, 139 AD3d 1256, 1257-1258 [2016], lv denied 28 NY3d 1183 [2017]). Accordingly, although a valid appeal waiver would ordinarily preclude a challenge to a sentencing court's youthful offender determination (see People v Simmons, 159 AD3d 1270, 1271 [2018]), review of defendant's challenge is not precluded here, given County Court's failure to make an on-the-record eligibility determination (see People v Pacherille, 25 NY3d 1021, 1023 [2015]).
Although this Court has the power to determine whether defendant is an eligible youth entitled to youthful offender status (see e.g. People v Marquis A., 145 AD3d 61, 68 [2016]; People v Shrubsall, 167 AD2d 929, 930 [1990]), an exercise of such power is not appropriate here, as we cannot determine what was before County Court at the time of sentencing.[FN1] Accordingly, we must vacate defendant's sentence and remit the matter to County Court so that it can determine, in accordance with People v Middlebrooks (25 NY3d at 527-528), whether defendant is an eligible youth and then, if necessary, whether defendant is a youthful offender (see CPL 720.10 [2], [3]; 720.20 [1]; People v Robertucci, 172 AD3d 1782, 1783 [2019]).[FN2]
In light of our determination, defendant's challenge to the severity of his sentence has been rendered academic.
Garry, P.J., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: On appeal, this Court was provided with an inaudible video recording of defendant's police interrogation, certain DNA reports and a codefendant's statement to police. Defendant's counsel stated, at oral argument, that these items were contained in County Court's "file." However, there is no indication on the record that these items were before County Court prior to or at the time of sentencing.

Footnote 2: We recognize that County Court already engaged in the second step of the analysis and determined that youthful offender treatment was not appropriate. However, in our view, County Court's determination as to whether defendant is an eligible youth could inform its assessment of whether defendant, if in fact an eligible youth, is a youthful offender under CPL 720.20.