People v Lane (2021 NY Slip Op 01443)





People v Lane


2021 NY Slip Op 01443


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

105932

[*1]The People of the State of New York, Respondent,
v
Todd D. Lane, Appellant.

Calendar Date: February 4, 2021

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.


Shane A. Zoni, Public Defender, Hudson (Jessica D. Howser of counsel), for appellant.
David E. Woodin, Special Prosecutor, Catskill, for respondent.



Appeals (1) from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 6, 2010, convicting defendant upon his plea of guilty of the crimes of rape in the first degree, criminal sexual act in the first degree and sexual abuse in the first degree, and (2) from a judgment of said court, rendered January 13, 2010 in Columbia County, which resentenced defendant.
As the result of allegations that he had sexually molested a 10-year-old child on multiple occasions in 2008, defendant was charged in an indictment with rape in the first degree, criminal sexual act in the first degree and sexual abuse in the first degree. In the midst of a 2009 jury trial on the charges, defendant pleaded guilty to the indictment after being apprised of his sentencing exposure and the fact that no sentencing commitments were being made. County Court thereafter denied youthful offender treatment and imposed sentences that, as adjusted upon resentencing, resulted in a sentence of a total of 10 years in prison and 20 years of postrelease supervision. Defendant appeals, and we affirm.
Defendant, who was 17 years old at the time of the offenses, argues that County Court abused its discretion in denying him youthful offender status. Inasmuch as he was convicted of crimes that included rape in the first degree and criminal sexual act in the first degree, and was the sole perpetrator of those crimes, he "was required to demonstrate 'mitigating circumstances that bear directly upon the manner in which the crime was committed' in order to be eligible for" that status (People v Williams, 155 AD3d 1260, 1260 [2017], lv denied 30 NY3d 1121 [2018], quoting CPL 720.10 [3] [i]; see CPL 720.10 [2] [a]; People v Middlebrooks, 25 NY3d 516, 527-528 [2015]; People v Robertucci, 172 AD3d 1782, 1783 [2019]). County Court did not determine that issue — instead observing, in general terms, that youthful offender treatment was "not appropriate" — but the record permits us to make the necessary finding of eligibility in the first instance (see People v Minemier, 29 NY3d 414, 419-420 [2017]; People v Marquis A., 145 AD3d 61, 68 [2016]; cf. People v Jones, 182 AD3d 698, 700-701 [2020]). Contrary to defendant's suggestion, neither his difficult upbringing nor his subsequent remorse bore directly upon the manner in which he committed the crimes in question (see CPL 720.10 [3] [i]; People v Garcia, 84 NY2d 336, 342 [1994]; People v Victor J., 283 AD2d 205, 206 [2001], lv denied 96 NY2d 942 [2001]). Thus, defendant did not establish the existence of any mitigating circumstances and was ineligible for youthful offender consideration.
Defendant also argues that the resentence was harsh and excessive, an issue that remains live given that he is still serving the postrelease supervision component of the sentence, but that issue is without merit (see e.g. People v Smith, 162 AD3d 1408, 1409 n 2 [2018]). The resentence was far below the maximum allowed and, in view of the [*2]seriousness of the crimes for which defendant was convicted, we perceive no abuse of discretion or extraordinary circumstances that would warrant its reduction (see People v Lancaster, 121 AD3d 1301, 1304 [2014], lv denied 24 NY3d 1121 [2015]; People v Rought, 90 AD3d 1247, 1249 [2011], lv denied 18 NY3d 962 [2012]).
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgments are affirmed.