People v Vanleuvan (2021 NY Slip Op 06118)





People v Vanleuvan


2021 NY Slip Op 06118


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

112292
[*1]The People of the State of New York, Respondent,
v
Julian A. Vanleuvan, Appellant.

Calendar Date:October 14, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

O'Connell and Aronowitz, Albany (Scott W. Iseman of counsel), for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Washington County (Michelini, J.), rendered December 6, 2019, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.
Following an incident in which the 15-year-old defendant allegedly subjected a physically helpless victim to anal sexual contact, he was charged in an indictment with criminal sexual act in the first degree. He pleaded guilty as charged and waived his right to appeal upon the understanding that he would be sentenced to a term of incarceration for a period of 1&frac23; to 5 years in the custody of the Office of Children and Family Services. County Court thereafter determined that defendant was not eligible for youthful offender treatment and imposed the promised sentence. Defendant appeals.
We affirm. Defendant argues that County Court abused its discretion in denying his application for youthful offender status and, at the outset, the record reflects that the parties understood this issue to be excluded from the scope of his unchallenged appeal waiver (see People v Driggs, 24 AD3d 888, 889 n [2005]; cf. People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Smith, 34 AD3d 1127, 1127 [2006]). Nevertheless, as defendant was convicted of "criminal sexual act in the first degree[] and was the sole perpetrator of [said] crime[], he was required to demonstrate mitigating circumstances that bear directly upon the manner in which the crime was committed in order to be eligible for" youthful offender status (People v Lane, 192 AD3d 1262, 1263 [2021] [internal quotation marks and citations omitted]; see CPL 720.10 [2] [a]; [3] [i]; People v Wilson, 181 AD3d 1318, 1318-1319 [2020], lv denied 35 NY3d 1116 [2020]; People v Robertucci, 172 AD3d 1782, 1782-1783 [2019]). County Court rejected defendant's arguments regarding the presence of mitigating circumstances. Even assuming that defendant preserved for review his argument that his alcohol and drug intoxication at the time of the offense constituted such a circumstance, that assertion is unpersuasive. Although his intoxication may have been a factor in defendant's decision to commit the crime, it did not "bear directly on [his] personal conduct in committing the crime" so as to constitute a mitigating circumstance (People v Garcia, 84 NY2d 336, 342 [1994]; see CPL 720.10 [3] [i]; People v Victor J., 283 AD2d 205, 206-207 [2001], lv denied 96 NY2d 942 [2001]). Thus, defendant did not establish the existence of mitigating circumstances that would render him eligible for youthful offender consideration, and County Court properly determined as much (see People v Victor J., 283 AD2d at 206-207).
Finally, to the extent that the issue was excluded from the scope of his appeal waiver (cf. People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]), his contention that this Court should exercise its interest of justice jurisdiction to grant him youthful offender status is academic given [*2]his ineligibility for that status.
Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.