People v Williams (2022 NY Slip Op 00697)





People v Williams


2022 NY Slip Op 00697


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

111091
[*1]The People of the State of New York, Respondent,
v
Deshawn Williams, Appellant.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

G. Scott Walling, Slingerlands, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Nichole M. Sands of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered December 14, 2018, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree and robbery in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count each of robbery in the second degree, grand larceny in the fourth degree and robbery in the third degree. The charges stemmed from two separate incidents that occurred on the same day in December 2017. In the first incident, defendant placed what appeared to be a firearm to the victim's head and stole her purse, which contained money; in the second incident, defendant forcibly stole the victim's handbag, which contained a credit card. In satisfaction of the superior court information, defendant pleaded guilty to robbery in the second degree and robbery in the third degree with the understanding that he would be sentenced to a prison term of eight years followed by five years of postrelease supervision upon his conviction of robbery in the second degree and to a prison term of 2&frac13; to 7 years upon his conviction of robbery in the third degree, those terms to run concurrently. The plea agreement also required defendant to waive his right to appeal.
Following various adjournments, the parties returned to County Court for sentencing, at which time the court considered defendant's eligibility for youthful offender treatment. After hearing from counsel, County Court concluded that defendant was not an eligible youth within the meaning of CPL 720.10 (3) and, in any event, that it would not have elected to adjudicate defendant a youthful offender. As a result, County Court imposed the contemplated terms of imprisonment, and this appeal ensued.
We affirm. Initially, we agree with defendant that his waiver of the right to appeal was invalid. The written waiver executed by defendant arguably was overbroad and, in any event, County Court "failed to ascertain whether defendant had read the waiver, understood it or had ample time to discuss it with counsel" (People v Gamble, 190 AD3d 1022, 1024 [2021], lvs denied 36 NY3d 1095, 1097, 1098 [2021]). The deficiencies in the written waiver were not cured by the court's terse oral colloquy with defendant, which, in our view, was "insufficient to permit the conclusion that the counseled defendant understood the distinction that some appellate review survived" (People v Deming, 190 AD3d 1193, 1194 [2021] [internal quotation marks, brackets and citation omitted], lv denied 36 NY3d 1119 [2021]; see People v Gervasio, 190 AD3d 1190, 1191 [2021]). Accordingly, neither defendant's challenge to the severity of his sentence nor his claim that County Court abused its discretion in failing to adjudicate him a youthful offender is precluded (see generally People v Martz, 181 AD3d 979, 980-981 [2020], lv denied 35 NY3d 1047 [2020]; People v Wilson, 165 AD3d 1323, 1324[*2][2018]).
As to the merits, "[w]here, as here, a youth has been convicted of an armed felony offense, he or she is eligible to be found a youthful offender if the sentencing court determines that one or more of the factors set forth in CPL 720.10 (3) are present — namely, whether there are mitigating circumstances that bear directly upon the manner in which the crime was committed or, if the defendant was not the sole participant in the crime, whether the defendant's participation was relatively minor, although not so minor as to constitute a defense" (People v Jones, 182 AD3d 698, 699 [2020] [internal quotation marks, brackets and citations omitted]; see People v Meridy, 196 AD3d 1, 6-7 [2021], lv denied 37 NY3d 973 [2021]; People v Colon, 173 AD3d 1255, 1256 [2019]). "If the court determines, in its discretion, that neither of the CPL 720.10 (3) factors exist[s] and states the reason for that determination on the record, no further determination by the court is required" (People v Jones, 182 AD3d at 699 [internal quotation marks and citation omitted]).
Although defendant was not the sole participant in the robberies, his participation therein cannot be categorized as minor, as he was the one who placed what appeared to be a firearm to the first victim's head and, in both instances, was the one who forcibly stole the subject property. With respect to mitigating circumstances, the case law makes clear that "traditional sentencing factors, such as the [defendant's] age, background and criminal history, are not appropriate to the mitigating circumstances analysis" (People v Jones, 166 AD3d 1479, 1480 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 1205 [2019]). Instead, the sentencing court "must rely only on factors related to the defendant's conduct in committing the crime, such as a lack of injury to others or evidence that the defendant did not display a weapon during the crime, or other factors that are directly related to the crime of which [the] defendant was convicted" (id. at 1480 [internal quotation marks and citations omitted]; accord People v Meridy, 196 AD3d at 7). Although there is no indication that the first victim sustained injuries as a result of the armed robbery, the record does not otherwise disclose any mitigating circumstances that bear directly upon the manner in which the crime was committed. Under these circumstances, County Court did not abuse its discretion in concluding that defendant was not an eligible youth within the meaning of CPL 720.10 (3) and, therefore, was ineligible for a youthful offender adjudication (see People v Lane, 192 AD3d 1262, 1263 [2021]; People v Martz, 181 AD3d at 981).
As a final matter, in light of "the nature of the crimes committed and the fact that defendant agreed to the sentence imposed as part of his negotiated plea agreement, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice" [*3](People v Martz, 181 AD3d at 981). Defendant's remaining contentions have been examined and found to be lacking in merit.
Garry, P.J., Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.