People v Colon (2022 NY Slip Op 05356)

People v Colon

2022 NY Slip Op 05356

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

112517
[*1]The People of the State of New York, Respondent,
v
Jerre Colon, Appellant.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

David E. Woodin, Catskill, for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Thomas A. Breslin, J.), rendered July 23, 2019 in Albany County, which resentenced defendant following his conviction upon his plea of guilty of the crime of attempted robbery in the first degree.
In December 2015, defendant, then 17 years old, while acting in concert with another and displaying what appeared to be a shotgun, forcibly stole property from a taxicab driver. In satisfaction of the resulting two-count indictment, defendant pleaded guilty to the reduced charge of attempted robbery in the first degree and purported to waive his right to appeal with the understanding that he would be sentenced to no more than 10 years in prison followed by five years of postrelease supervision. At sentencing, Supreme Court declined to adjudicate defendant a youthful offender and sentenced him, in accordance with the plea agreement, to 10 years in prison followed by five years of postrelease supervision.
Defendant appealed, and this Court held that Supreme Court failed to make a proper determination as to youthful offender status, vacated defendant's sentence and remitted the matter for resentencing for that purpose (173 AD3d 1255, 1257 [3d Dept 2019]). Upon remittal, Supreme Court determined, on the record, that defendant was not eligible for youthful offender treatment pursuant to CPL 720.10 (3), and adhered to the original sentence. Defendant appeals.
Initially, as the People concede, we find that defendant's appeal waiver is invalid; therefore, defendant did not knowingly, voluntarily and intelligently waive his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]). Accordingly, neither defendant's challenge to the denial of youthful offender treatment nor to the severity of his sentence is precluded (see People v Williams, 202 AD3d 1162, 1163 [2022], lv denied 38 NY3d 954 [2022]; see generally People v Martz, 181 AD3d 979 [3d Dept 2020], lv denied 35 NY3d 1047 [2020]).
Turning to the merits, CPL 720.10 provides that a defendant is not eligible for youthful offender status where "the conviction to be replaced by a youthful offender finding is for . . . an armed felony" (CPL 720.10 [2] [a]). Contrary to defendant's contentions, attempted robbery in the first degree (see Penal Law §§ 110.00, 160.15 [4]) is an armed felony within the meaning of the statute (see CPL 1.20 [41] [b]; Penal Law § 70.02 [1] [a], [b]; People v Cherry, 178 AD3d 718, 718 [2d Dept 2019], lv denied 34 NY3d 1157 [2020]; People v Hudson, 2 AD3d 230, 230 [1st Dept 2003]). Nevertheless, "[w]here, as here, a youth has been convicted of an armed felony offense, he or she is eligible to be found a youthful offender if the sentencing court determines that one or more of the factors set forth in CPL 720.10 (3) are present — namely, whether there are mitigating circumstances that bear directly upon the manner in which the crime was committed or, if the defendant was not the sole participant in the crime, whether the defendant's participation [*2]was relatively minor, although not so minor as to constitute a defense" (People v Jones, 182 AD3d 698, 699 [3d Dept 2020] [internal quotation marks, citations and brackets omitted]; accord People v Williams, 202 AD3d at 1163). "If the court determines, in its discretion, that neither of the CPL 720.10 (3) factors exists and states the reasons for that determination on the record, no further determination by the court is required" (People v Williams, 202 AD3d at 1163 [internal quotation marks, brackets and citations omitted]; see People v Middlebrooks, 25 NY3d 516, 527 [2015]).
As to the presence of mitigating circumstances, "traditional sentencing factors, such as the defendant's age, background and criminal history, are not appropriate to the mitigating circumstances analysis. Instead, the sentencing court must rely only on factors related to the defendant's conduct in committing the crime, such as a lack of injury to others or evidence that the defendant did not display a weapon during the crime, or other factors that are directly related to the crime of which the defendant was convicted" (People v Williams, 202 AD3d at 1164 [internal quotation marks, brackets and citations omitted]; see People v Meridy, 196 AD3d 1, 7 [4th Dept 2021], lv denied 37 NY3d 973 [2021]). Here, although it appears that the victim was not physically harmed during the armed robbery, there is no further indication in the record of other mitigating circumstances bearing directly upon the manner in which the crime was committed. Moreover, although defendant was not the sole participant in the crime, he admitted during his plea to displaying a shotgun during the commission of the crime and, as such, his role therein cannot be characterized as minor. In view of the foregoing, we perceive no basis to disturb the court's determination that defendant is not an eligible youth (see People v Williams, 202 AD3d at 1164; People v Martz, 181 AD3d at 981). Finally, in view of the nature of the crime committed and the fact that the sentence imposed is on the lower end of the permissible statutory range and was agreed to as part of defendant's negotiated plea deal, we do not find that the sentence imposed is unduly harsh or severe (see CPL 470.15 [6] [b]; see generally People v Martz, 181 AD3d at 981; People v Williams, 155 AD3d 1260, 1261 [3d Dept 2017], lv denied 30 NY3d 1121 [2018]).
Egan Jr., J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.