People v Mack (2022 NY Slip Op 05895)

People v Mack

2022 NY Slip Op 05895

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

111085
[*1]The People of the State of New York, Respondent,
v
Demetrius L. Mack, Appellant.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Christopher Hammond, Cooperstown, for appellant, and appellant pro se.
Weeden A. Wetmore, District Attorney, Elmira (Susan Rider-Ulacco of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Christopher P. Baker, J.), rendered January 7, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In June 2017, defendant was charged by indictment with multiple crimes stemming from allegations that, on September 25, 2015, he attempted to shoot and kill the victim with a loaded firearm in the City of Elmira, Chemung County. Defendant later moved for, among other relief, dismissal of the indictment due to the roughly 21-month delay between the alleged crimes and his indictment. County Court denied that motion, and defendant ultimately pleaded guilty to one count of criminal possession of a weapon in the second degree in satisfaction of the charges. County Court then sentenced him, as a second felony offender and in accord with the plea agreement, to a prison term of eight years followed by five years of postrelease supervision. Defendant appeals.
Initially, defendant forfeited his challenge to the legal sufficiency of the evidence presented to the grand jury by pleading guilty (see People v Hansen, 95 NY2d 227, 233 [2000]; People v Carston, 163 AD3d 1166, 1167 [2018], lv denied 32 NY3d 1002 [2018]). To the extent that defendant argues that the integrity of the grand jury proceeding was impaired, this challenge survives his guilty plea (see CPL 210.35 [5]; People v Hansen, 95 NY2d at 231-232). However, defendant has failed to support his allegation that the People presented false evidence to the grand jury (see People v Sammeth, 190 AD3d 1112, 1116 [3d Dept 2021], lv denied 36 NY3d 1123 [2021]). Accordingly, we do not find that the indictment should be dismissed on this basis.
Defendant's assertion that his constitutional right to a speedy trial was violated by the roughly 21-month period between the alleged crimes and the indictment survives his guilty plea (see People v Guerrero, 28 NY3d 110, 117 [2016]; People v Lende, 190 AD3d 1110, 1110 [3d Dept 2021], lv denied 36 NY3d 1121 [2021]). An unreasonable preindictment delay denies a defendant due process of law (see People v Ruise, 86 AD3d 722, 722 [3d Dept 2011], lv denied 17 NY3d 861 [2011]; People v Morris, 25 AD3d 915, 916 [3d Dept 2006], lv denied 6 NY3d 851 [2006]), and, where the delay is protracted, it is the People's burden to establish a good cause justification therefor (see People v Singer, 44 NY2d 241, 254 [1978]; People v Young, 190 AD3d 1087, 1093 [3d Dept 2021], lv denied 39 NY3d 1102 [2021]). Our review of both speedy trial and due process claims includes the following factors: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445 [1975]; see People v Ruise, 86 AD3d at 722-723).[*2]
The 21-month period between the alleged crimes and indictment was protracted (see People v Williamson, 77 AD3d 1183, 1185 n [3d Dept 2010]; People v Morris, 25 AD3d at 916). The People have established that this delay was due to the initial lack of cooperation of the victim. The People submitted the charges against defendant to a grand jury shortly after the victim became willing to provide corroborating testimony. Here, "the inherently discretionary and subjective prosecutorial determination of what constituted sufficient evidence to successfully prosecute defendant justified the delay" (People v Denis, 276 AD2d 237, 248 [3d Dept 2000], lv denied 96 NY2d 782 [2001]; see People v Singer, 44 NY2d at 254). Further, the charges were serious, such that the People "may be expected to proceed with far more caution and deliberation than [they] would expend on a relatively minor offense" (People v Taranovich, 37 NY2d at 446; see People v Regan, 196 AD3d 735, 737 [3d Dept 2021]). In the context of similarly serious charges, preindictment delays of greater length than presented here have been allowed (see e.g. People v Abreu, 195 AD3d 1152, 1155-1156 [3d Dept 2021], lv denied 37 NY3d 1144 [2021]; People v Young, 190 AD3d at 1093-1094). Significantly, defendant was not incarcerated in connection with these charges during the challenged preindictment period, and he has not demonstrated any impairment to his defense. Upon weighing the relevant factors, we find that the preindictment delay did not violate defendant's due process rights.
Lynch, Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.