People v Farmer (2024 NY Slip Op 03353)

People v Farmer

2024 NY Slip Op 03353

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

112234
[*1]The People of the State of New York, Respondent,
v
James D. Farmer Jr., Appellant.

Calendar Date:June 3, 2024

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Joseph Kirby, Ithaca, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nicholas S. Line of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Christopher P. Baker, J.), rendered December 23, 2019, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In April 2019, defendant was charged in an indictment with rape in the first degree and 12 counts of criminal sexual act in the first degree based upon his alleged conduct from August 2015 to November 2015 with two victims, aged 10 and 12, when defendant was 15 years old. Defendant moved to dismiss the charges due to the roughly four-year delay between the alleged crimes and his indictment. Following a hearing, County Court denied the motion, and defendant thereafter agreed to plead guilty to rape in the first degree in full satisfaction of the indictment. As part of the plea agreement, County Court advised defendant that he would be sentenced to one year in jail but that the court was not making any promises as to whether defendant would be found to be a juvenile offender or a youthful offender.[FN1] At sentencing, the court denied youthful offender status after hearing from both parties and acknowledging that it had reviewed the grand jury minutes, the presentence report and a mitigation report submitted by defendant. The court sentenced defendant, as a juvenile offender, to one year in jail. Defendant appeals.
Defendant contends that County Court erred in denying his motion to dismiss the indictment based upon preindictment delay. "An unreasonable preindictment delay denies a defendant due process of law" (People v Mack, 209 AD3d 1114, 1115 [3d Dept 2022], lv denied 39 NY3d 1112 [2023] [citations omitted]; see People v Young, 190 AD3d 1087, 1093 [3d Dept 2021], lv denied 36 NY3d 1102 [2021]). "[Our] State due process requirement of a prompt prosecution is broader than the Sixth Amendment and in some respects the State rule is less rigid in its application than the right to due process recognized under the Federal Constitution" (People v Regan, 39 NY3d 459, 464 [2023] [ellipses and brackets omitted], quoting People v Singer, 44 NY2d 241, 253 [1978]). "In determining if the preindictment delay violated defendant's due process rights, we must balance the following factors: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v McCollough, 198 AD3d 1023, 1024 [3d Dept 2021] [internal quotation marks and citations omitted]; see People v Regan, 39 NY3d at 465; People v Young, 190 AD3d at 1093).
As to the extent of and the reason for the delay, the record reflects that, although the crimes occurred in 2015, the police were not informed of the crimes until July 2017. The People interviewed the victims and their parents in August 2017 and, at that time, decided not to pursue the case due to the current mental health of [*2]the victims and the wishes of the parents. In December 2017, the People were advised that the parents believed the victims were doing better and that they wanted to move forward with the matter. In March 2018, the parents informed the police that the victims were willing to testify and the matter was presented to the grand jury in April 2019. Although there was a 20-month delay from the time the crimes were reported until the matter was presented to the grand jury, the People established that five to seven months of the delay can be attributed to a reluctance to proceed on the part of the victims. Taking into account the seriousness of the charged crimes and the ages of defendant and the victims, the People "may be expected to proceed with far more caution and deliberation than [they] would expend on a relatively minor offense" (People v Taranovich, 37 NY2d 442, 446 [1975]; accord People v Mack, 209 AD3d at 1116). Good cause may excuse even lengthy delays (see People v Regan,39 NY3d at 466). Accordingly, we find that the 15-month delay in presenting the matter was justified (see People v Mack, 209 AD3d at 1116; People v Lende, 190 AD3d 1110, 1111 [3d Dept 2021], lv denied 36 NY3d 1121 [2021]). Moreover, contrary to his contention, defendant has not demonstrated prejudice or impairment to his defense due to the delay (see People v Williams, 163 AD3d 1283, 1286 [3d Dept 2018], lv denied 32 NY3d 1069 [2018]) and, inasmuch as defendant was not incarcerated prior to being indicted, we conclude that defendant's constitutional right to due process was not violated (see People v Mack, 209 AD3d at 1116; People v McCollough, 198 AD3d at 1024; People v Lende, 190 AD3d at 1111).
Defendant also argues that County Court abused its discretion in denying him youthful offender status. As defendant was convicted of rape in the first degree and was the sole perpetrator of the crime, "he was required to demonstrate mitigating circumstances that bear directly upon the manner in which the crime was committed in order to be eligible for that status" (People v Lane, 192 AD3d 1262, 1263 [3d Dept 2021] [internal quotation marks and citation omitted]; see CPL 720.10 [2] [a]; [3] [i]; People v Middlebrooks, 25 NY3d 516, 527-528 [2015]). Although defendant argues that his age at the time of the crime, his background and the fact that he may have to register as a sex offender for life constitute mitigating circumstances warranting youthful offender status, "traditional sentencing factors, such as the defendant's age, background and criminal history, are not appropriate to the mitigating circumstances analysis. Instead, the sentencing court must rely only on factors related to the defendant's conduct in committing the crime" (People v Colon, 208 AD3d 1551, 1553 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1071 [2023]; see People v Williams, 202 AD3d 1162, 1164 [3d Dept 2022], lv denied 38 NY3d 954 [2022]). Inasmuch as defendant has not identified [*3]factors in support of his claim for youthful offender status related to his conduct in committing the crime, County Court's determination that defendant is ineligible for such status will not be disturbed (see People v Williams, 202 AD3d at 1164; People v Vanleuvan, 199 AD3d 1131, 1132 [3d Dept 2021], lv denied 38 NY3d 954 [2022]).
Clark, Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant initially pleaded guilty with the understanding that he would be sentenced to a period of probation and that the issue of whether defendant was a youthful or juvenile offender would be decided at sentencing. After reviewing statements made by defendant to the Probation Department that included protestations of innocence, County Court advised defendant that it could not abide by the initial sentencing promise of probation. Defendant was given the opportunity to withdraw his plea or reaffirm the plea with the understanding that the court would sentence him to one year in jail. Defendant thereafter reaffirmed his guilty plea.