People v Michael LL. (2024 NY Slip Op 05607)

People v Michael LL.

2024 NY Slip Op 05607

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

113654
[*1]The People of the State of New York, Respondent,
v
Michael LL., Appellant.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

Nicholas E. Tishler, East Chatham, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John D. Kelley of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court (Youth Part) of Chemung County (Richard W. Rich Jr., J.), convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to burglary in the first degree as an armed felony. The charges stemmed from an incident wherein the 14-year-old defendant and an accomplice entered a home while carrying a loaded firearm, intending to steal property. Both defendant and a resident in the home sustained gunshot injuries during the course of the crime. Defendant agreed to plead guilty with the understanding that he would be sentenced to a prison term of no more than 2 to 6 years, without any commitment as to a possible youthful offender adjudication. At sentencing, County Court denied defendant youthful offender treatment and sentenced him pursuant to the plea agreement, as a juvenile offender, to an indeterminate prison sentence of 2 to 6 years. Defendant appeals.
Defendant challenges the denial of youthful offender status and the severity of the sentence imposed. Initially, we do not find that County Court failed to employ the appropriate framework established under CPL 720.10 for determining youthful offender treatment or that it abused its discretion in denying defendant youthful offender status. As is relevant here, a "[y]outh" may be defined as "a person charged with being a juvenile offender" (CPL 720.10 [1]), and a "[j]uvenile offender" is "a person [14] or [15] years old who is criminally responsible for acts[, including] . . . burglary in the first degree" (CPL 1.20 [42] [2]). Every youth is eligible to be found a youthful offender (see CPL 720.10 [2]), subject to certain statutory exceptions including, as is pertinent here, a conviction for an armed felony such as burglary in the first degree (see CPL 720.10 [2] [a] [ii]; Penal Law § 70.02 [1] [a]; CPL 1.20 [42] [2]). Nevertheless, CPL 720.10 (3) provides that a youth who has been convicted of such a crime "is an eligible youth if the court determines that one or more [statutory] factors exist" (CPL 720.10 [3]). Specifically, a defendant who has committed an armed felony is required to demonstrate "mitigating circumstances that bear directly upon the manner in which the crime was committed," or, where he or she is not the sole participant in the crime, that his or her "participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10 [3]).
Here, County Court squarely addressed the issue of youthful offender treatment at sentencing, first noting that defendant had pleaded guilty to an armed felony (see Penal Law § 70.02 [1] [a]; CPL 1.20 [42] [2]; 720.10 [2] [a] [iii]) and thereafter engaging in the required analysis pursuant to CPL 720.10 (3) in rendering its determination (see People v Wimberly, 228 AD3d 1177, 1179 [3d Dept 2024]; compare People v Jones, 219 AD3d 1610, 1612-1613 [3d Dept 2023]). Although County Court [*2]made reference to community crime trends at sentencing, in addressing youthful offender treatment, the court expressly stated that it "reviewed and very seriously considered" defendant's arguments in support thereof (see generally People v Martz, 181 AD3d 979, 981 [3d Dept 2020], lv denied 35 NY3d 1047 [2020]).
Defendant contends that his age and background at the time of the crime constitute mitigating circumstances warranting youthful offender treatment despite his conviction of an armed felony. However, "traditional sentencing factors, such as the defendant's age, background and criminal history, are not appropriate to the mitigating circumstances analysis. Instead, the sentencing court must rely only on factors related to the defendant's conduct in committing the crime, such as a lack of injury to others or evidence that the defendant did not display a weapon during the crime, or other factors that are directly related to the crime of which the defendant was convicted" (People v Williams, 202 AD3d 1162, 1164 [3d Dept 2022][internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 954 [2022]). That said, defendant admitted during his plea allocution that he was in possession of a loaded firearm when the crime was committed. Moreover, a resident in the home was shot and injured during the incident and, although defendant sustained his own injuries, that does not necessarily mean that defendant did not discharge his weapon. "[T]he record does not otherwise disclose any mitigating circumstances that bear directly upon the manner in which the crime was committed" (id.). Given defendant's failure to identify appropriate factors in support of his claim for youthful offender status related to his conduct in committing the crime, the determination that defendant is ineligible for such status will not be disturbed (see CPL 720.10 [3]; People v Wimberly, 228 AD3d at 1179; People v Farmer, 228 AD3d 1130, 1132-1133 [3d Dept 2024]; People v Colon, 208 AD3d 1551, 1553 [3d Dept 2022], lv denied 39 NY3d 1071 [2023]).
Finally, considering the violent nature of the crime committed and the fact that defendant agreed to the sentence imposed pursuant to a negotiated plea that resolved several other charges, we do not find that the sentence was unduly harsh or severe (see CPL 470.15 [6] [b]; People v Thaxton, 222 AD3d 1175, 1180 [3d Dept 2023], lv denied 42 NY3d 927 [2024]; compare People v Brown, 192 AD3d 1260, 1262 [3d Dept 2021]). We have reviewed defendant's remaining contentions and find them to be without merit.
Egan Jr., J.P., Clark, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.